**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MSR RESORT GOLF COURSE LLC, *et al.*,[1] | ) Case No. 11-10372 (SHL) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## MSR DESERT RESORT, LP
## CASE NO. 11-10381 (SHL)

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: MSR Resort Golf Course LLC (7388); MSR Biltmore Resort, LP (5736); MSR Claremont Resort, LP (5787); MSR Desert Resort, LP (5850); MSR Grand Wailea Resort, LP (5708); MSR Resort Ancillary Tenant, LLC (9698); MSR Resort Biltmore Real Estate, Inc. (8464); MSR Resort Desert Real Estate Inc. (9265); MSR Resort Hotel, LP (5558); MSR Resort Intermediate Mezz GP, LLC( 3864); MSR Resort Intermediate Mezz LLC (7342); MSR Resort Intermediate Mezz, LP (3865); MSR Resort Intermediate MREP, LLC (9703); MSR Resort Lodging Tenant, LLC (9699); MSR Resort REP, LLC (9708); MSR Resort Senior Mezz GP, LLC (9969); MSR Resort Senior Mezz LLC (7348); MSR Resort Senior Mezz, LP (9971); MSR Resort Senior MREP, LLC (9707); MSR Resort Silver Properties, LP (5674); MSR Resort SPE GP II LLC (5611); MSR Resort SPE GP LLC (7349); MSR Resort Sub Intermediate Mezz GP, LLC (1186); MSR Resort Sub Intermediate Mezz LLC (7341); MSR Resort Sub Intermediate Mezz, LP (1187); MSR Resort Sub Intermediate MREP, LLC (9701); MSR Resort Sub Senior Mezz GP, LLC (9966); MSR Resort Sub Senior Mezz LLC (7347); MSR Resort Sub Senior Mezz, LP (9968); and MSR Resort Sub Senior MREP, LLC (9705). The location of the debtors' service address is: c/o CNL-AB LLC, 1251 Avenue of the Americas, New York, New York 10020.

James H.M. Sprayregen, P.C.
Paul M. Basta
Edward O. Sassower
Chad J. Husnick
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

*Counsel to the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MSR RESORT GOLF COURSE LLC, *et al.*,[1] | ) | Case No. 11-10372 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGIES, AND DISCLAIMERS REGARDING THE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS OF MSR RESORT GOLF COURSE LLC, *ET AL.*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include:  MSR Resort Golf Course LLC (7388); MSR Biltmore Resort, LP (5736); MSR Claremont Resort, LP (5787); MSR Desert Resort, LP (5850); MSR Grand Wailea Resort, LP (5708); MSR Resort Ancillary Tenant, LLC (9698); MSR Resort Biltmore Real Estate, Inc. (8464); MSR Resort Desert Real Estate, Inc. (9265); MSR Resort Hotel, LP (5558); MSR Resort Intermediate Mezz GP, LLC (3864); MSR Resort Intermediate Mezz LLC (7342); MSR Resort Intermediate Mezz, LP (3865); MSR Resort Intermediate MREP, LLC (9703); MSR Resort Lodging Tenant, LLC (9699); MSR Resort REP, LLC (9708); MSR Resort Senior Mezz GP, LLC (9969); MSR Resort Senior Mezz LLC (7348); MSR Resort Senior Mezz, LP (9971); MSR Resort Senior MREP, LLC (9707); MSR Resort Silver Properties, LP (5674); MSR Resort SPE GP II LLC (5611); MSR Resort SPE GP LLC (7349); MSR Resort Sub Intermediate Mezz GP, LLC (1186); MSR Resort Sub Intermediate Mezz LLC (7341); MSR Resort Sub Intermediate Mezz, LP (1187); MSR Resort Sub Intermediate MREP, LLC (9701); MSR Resort Sub Senior Mezz GP, LLC (9966); MSR Resort Sub Senior Mezz LLC (7347); MSR Resort Sub Senior Mezz, LP (9968); and MSR Resort Sub Senior MREP, LLC (9705). The location of the debtors' service address is:  c/o CNL-AB LLC, 1251 Avenue of the Americas, New York, New York 10020.

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, the "Schedules and Statements") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors, with the assistance of the Debtors' advisors and Pyramid Advisors, LP (d/b/a Pyramid Hotel Group), asset manager to the Debtors (the "Asset Manager"), and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Schedules of Assets and Liabilities and Statements of Financial Affairs of MSR Resort Golf Course LLC, *et al.*, (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each Debtor's Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.

The Schedules and Statements have been signed by Christopher Devine, authorized signatory for the Debtors and Chief Financial Officer of the Asset Manager. In reviewing and signing the Schedules and Statements, Mr. Devine necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Devine has not (and could not have) personally verified the accuracy of each such statement and representation, including, without limitation, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. The fact that the Debtors have prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to the rest of the Debtors' Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

1.  **Description of these chapter 11 cases and "As Of" Information Date.** On February 1, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' chapter 11 cases are jointly administered for procedural purposes under *In re MSR Resort Golf Course*

*LLC, et al.*, Case No. 11-10372 (SHL) (Bankr. S.D.N.Y.). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. It would be prohibitively expensive, unduly burdensome, and an inefficient use of resources of the Debtors for the Debtors to obtain current market valuations of all of their assets. Accordingly, the asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of January 31, 2011, except with respect to certain Debtors, including MSR Resort Lodging Tenant, LLC, which asset data is as of January 28, 2011, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the close of business on the Petition Date. Exceptions to this include operating cash and certain other assets; operating cash is presented at bank balances as of the Petition Date, and certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts because the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

2.    **General Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

3.    **Basis of Presentation.** For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis, which were audited annually and on a consolidated basis prior to 2010. Combining the assets and liabilities

set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to reconcile fully with the consolidated financial statements prepared by the Debtors. Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

4.    **Disclaimer Regarding Information.** All of the Debtors' resorts are managed by third-party property managers (the "Resort Managers"),[2] which contract with service providers and purchase substantially all services, goods, and materials utilized in the operation of the Debtors' resorts. The Resort Managers employ an aggregate of approximately 3,800 employees in connection with the operation of the resorts, while the Debtors do not have any employees. Thus, the Schedules and Statements have been prepared, in large part, based upon the information and work product and representations made available to the Debtors, their advisors, and the Asset Manager by representatives of the third-party Resort Managers.

5.    **Comprehensive Enterprise.** The Debtors operate their business as a comprehensive enterprise and their financial affairs are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their business (the "Cash Management System"). Disbursements under the Cash Management System were controlled primarily by personnel located at the Debtors' headquarters or by personnel of the Resort Managers or Asset Manager. As a result, certain payments in the Schedules and Statements may have been made prepetition by one legal entity on behalf of another legal entity through the operation of the Cash Management System or otherwise as a result of the Debtors' operations. Further, due to the nature of the Debtors' operations, certain Claims set forth in one legal entity's Schedules and Statements may more appropriately be an obligation of another legal entity. Although efforts have been made to set forth open payable amounts and Claims on the Schedules and Statements of the correct legal entity, the Debtors reserve the right to modify or amend the Schedules and Statements to attribute open payable amounts and Claims to a different legal entity, if necessary or appropriate.

---

[2]    Pyramid Resort Asset Management LLC, is the Asset Manager for five of the Debtors' resorts.

6.    **Confidential or Sensitive Information.**    There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third-party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.    The Debtors made reasonable efforts to ensure that the alterations or redactions are limited only to what the Debtors believed was necessary.

7.    **Causes of Action.**    Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

8.    **Recharacterization.**    The Debtors have made reasonable efforts to characterize, classify, categorize, and designate correctly the Claims, assets, executory contracts, unexpired leases, interests, and other items reported in the Schedules and Statements.    Nevertheless, due to the complexity and size of the Debtors' business, the Debtors may have improperly characterized, classified, categorized, or designated certain items.    The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases identified herein were executory or unexpired as of the Petition Date or remain executory postpetition.

9.    **Court Orders.**    Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases on February 2 and 3, 2011, and March 2 and 16, 2011 (the "First and Second Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition Claims of construction vendors, suppliers, taxing authorities, and Resort Managers.    Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and, therefore, generally are not listed in the Schedules and Statements.    Regardless of whether such Claims are listed in the Schedules and Statements, to the extent such Claims are paid pursuant to an order of the Bankruptcy Court (including the First and Second Day Orders), the Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary or appropriate.

5

10.     **Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

11.     **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, indefinite life intangible assets, accrued accounts payable, and deferred gains. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

12.     **Leases.**  The Debtors have not included in the Schedules and Statements the future obligations of any capital leases or operating leases.  To the extent that there was an amount outstanding as of January 28, 2011 or January 31, 2011, as applicable, the creditor has been included on Schedule F of the Schedules.

13.     **Intellectual Property Rights.**  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

14.     **Property and Equipment.**  Unless otherwise indicated, owned property (including, without limitation, real property) and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect thereto.

15.     **Estimates.**  To prepare and file the Schedules in accordance with the deadline established in these chapter 11 cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

16.     **Fiscal Year.**  Each Debtor's fiscal year ends on December 31.

17.     **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

K&E 18510439.7

18. **Umbrella or Master Agreements.** Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement. Other Debtors, however, may be liable instead of, or together with, such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

19. **Insiders.** The Debtors have attempted to include all payments made on or within the 12 months prior to the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (a) any individual or entity owning 5% or more of the voting or equity securities of a Debtor, (b) any individual that has served as either an officer or director of a Debtor within the last 12 months, or (c) any entity related to any of the foregoing. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

20. **Intercompany.** The Schedules and Statements do not reflect certain intercompany transactions between the Debtors and the respective intercompany accounts payable and intercompany accounts receivable, if any, are not set forth in the Schedules and Statements.

21. **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

22. **Setoffs.** The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

23. **Consolidated Identification of Interests.** As set forth in Global Note 6 above, the Schedules and Statements, in various instances, call for information that, if provided, would disclose the identities and personal contact information of individuals making up certain groups including, but not limited to, resort members, customers, and certain homeowners party to rental pool agreements with the Debtors. The Debtors elected to present such sensitive information as consolidated line items of similar interests. For

example, in responding to the information required for <u>Statement 3(b)</u>, the Debtors aggregated customer payments and member payments made within the 90-day period preceding the Petition Date into their own respective aggregate line items. The Debtors believe that producing information in this manner is necessary to both maintain valuable customer and membership relationships and to protect the Debtors' propriety and valuable customer, membership, and high net worth individual lists.

**<u>Specific Disclosures with Respect to the Debtors' Schedules and Statements</u>[3]**

24. **Schedule B(9).** The Debtors are listed as beneficiaries of certain insurance policies that were purchased by affiliates of the Asset Manager and various non-Debtor entities. The Debtors list such policies in <u>Schedule B(9)</u> as personal property. Because the relative value of each individual Debtor's interest in a given policy cannot be determined with accuracy, the Debtors listed the current value of each Debtor's interest in such policies as "Unknown."

25. **Schedule B(22).** The Debtors do not own any patents, copyrights, or other intellectual property and checked the box labeled "none" when completing the Schedules. Nevertheless, certain of the Debtors utilize, in the ordinary course of business, intellectual property rights held by MSR Hotels & Resorts, Inc. or MS Resort Purchaser LLC, both of which are non-Debtor affiliates.

26. **Schedule E.** The listing of any claim on <u>Schedule E</u> does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

27. **Schedule G.** While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of <u>Schedule G</u>, inadvertent errors, omissions, or inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on <u>Schedule G</u>. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in <u>Schedule G</u> and to amend or supplement <u>Schedule G</u> as necessary. The contracts, agreements, and leases listed on <u>Schedule G</u> may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on <u>Schedule G</u>, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any

---

[3] In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

K&E 18510439.7

agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition. Certain of the executory contracts and unexpired leases listed in Schedule G may have been assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors. The Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G, however, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the Debtors have listed certain contracts, agreements, and leases on Schedule G of the Debtor entity corresponding to the applicable contracting entity on which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease.

28. **Schedule H.** Some of the "codebtors" listed in the Debtors' Schedules have not filed voluntary petitions for relief in these chapter 11 cases. Such parties generally are guarantors of the applicable Debtor's funded debt obligations. Importantly, liability of certain guarantors attaches only following certain "recourse" events.

K&E 18510439.7

29. **Statement Question 3(b).** Generally, more than one Debtor is potentially liable on a funded debt obligation. Where payments are made on behalf of funded debt obligations, such payments are recorded in only one of the applicable Debtors' Statements; however, joint obligations are cross-referenced in the Statements of Debtors sharing responsibility. For example, the Debtors list certain payments to Midland Loan Services, Inc. ("Midland") in the Statement for MSR Resort Golf Course LLC. The payments to Midland were made on behalf of seven Debtors, but are only expressly listed on MSR Resort Golf Course LLC's Statement to prevent confusion.

30. **Statement Question 7.** The Debtors list gifts or charitable contributions as identified in their books and records. Certain purchased gift certificates, promotional expenses, and donated gift certificates are not listed because of the variable nature of corresponding liabilities. For example, the value of a donated gift certificate redeemable for a one night resort stay is dependant on room pricing when redeemed. Promotional expenses include complimentary food, beverages, or accommodations and are similarly variable. The Debtors believe these amounts, if scheduled, would have been minimal.

31. **Statement Question 9.** The Debtors list payments to certain professionals related to debt counseling and bankruptcy in the Statement for MSR Resort Golf Course LLC. In order to prevent confusion over amounts paid to the Debtors' professionals, the Debtors only list such payments in the MSR Resort Golf Course LLC Statement. Nevertheless, out of an abundance of caution, the Debtors cross-reference the MSR Resort Golf Course LLC Statement in response to question nine for the other Debtor Statements.

32. **Statement Question 19.** Certain of the mezzanine level Debtors do not maintain formal books and records.

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### Southern District of New York

In re: **MSR Desert Resort, LP**  Case No. **11-10381 (SHL)**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**1. Income from employment or operation of business**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| | $29,188,951.59 | Lease Income<br>January 1 - December 31, 2009 |
| | $28,621,036.01 | Lease Income<br>January 1 - December 31, 2010 |
| | $2,420,078.20 | Lease Income<br>January 1 - January 31, 2011 |

## 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|------|--------|--------|
| | $143,361.98 | Other Income<br>January 1 - December 31, 2009 |
| | $0.00 | Other Income<br>January 1 - December 31, 2010 |
| | $0.00 | Other Income<br>January 1 - January 31, 2011 |

## 3. Payment to creditors

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------|------------------------------|-------------------|-------------|--------------------|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts*: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|------|------------------------------|------------------------------|-----------------------------------|--------------------|
| | See attached SOFA 3b | | | |

*See SOFA 3b of MSR Resort Golf Course LLC for debt service and special servicing fees paid on the $1BN Fixed Rate loan from the lender-controlled lockbox on behalf of all Borrowers.*

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|------|---------------------------------------------------------|-----------------|-------------|--------------------|
| X | | | | |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|------|---------------------------------|----------------------|------------------------------|------------------------|
|      | See attached SOFA 4a            |                      |                              |                        |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|------|-----------------------------------------------------------------|-----------------|-----------------------------------|
| X    |                                                                 |                 |                                   |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|------|----------------------------------------|------------------------------------------------------------|-----------------------------------|
| X    |                                        |                                                            |                                   |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|------|------------------------------|--------------------|------------------------------------|
| X    |                              |                    |                                    |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|------|-------------------------------|----------------------------------------------|---------------|------------------------------------|
| X    |                               |                                              |               |                                    |

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|------|--------------------------------------------|--------------------------------|--------------|--------------------------------|
| X    |                                            |                                |              |                                |

## 8. Losses

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|------|----------------------------------|--------------------------------------------------------------------------------------------------------|--------------|

*In the ordinary course of business, from time to time, the Debtors' guests experience personal injury and property losses. Such losses are often covered or reimbursed by the Debtors, and are generally insured under the various insurance policies maintained by the Debtors, subject to retentions and deductibles.*

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------|---------------------------|----------------------------------------------------|------------------------------------------------------|
| | See SOFA 9 of MSR Resort Golf Course LLC | | |

## 10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|------|--------------------------------------------------------|------|--------------------------------------------------|
| X | | | |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|------|-------------------------------|------------------------|---------------------------------------------------------------------------------------|
| X | | | |

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- | --- |
| X | | | |

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- | --- |
| X | | | | |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- | --- |
| X | | | |

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- | --- |
| X | | | |

**15. Prior address of debtor**

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- | --- |
| X | | | |

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NONE | NAME |
|------|------|
| X    |      |


**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|----------------------|---------------------------------------|----------------|-------------------|
| X    |                      |                                       |                |                   |


b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|----------------------|---------------------------------------|----------------|-------------------|
| X    |                      |                                       |                |                   |


c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|------|---------------------------------------|---------------|-----------------------|
| X    |                                       |               |                       |

## 18. Nature, location and name of business

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

    *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

    *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|------|
|  | MSR Resort Desert Real Estate, Inc. - 100% | 33-0589265 | c/o CNL-AB LLC 1251 Avenue of the Americas New York, NY 10020 | Sole Member | 2/1/05 - 12/29/06 |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|------|------|---------|
| X |  |  |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| | Christopher Devine, Chief Financial Officer<br>c/o Pyramid Advisors LP<br>One Post Office Square, Suite 3100<br>Boston, MA 02109 | 02/01/2009 - 02/01/2011 |
| | Courtney Williams, VP, Finance<br>c/o Pyramid Advisors LP<br>One Post Office Square, Suite 3100<br>Boston, MA 02109 | 02/01/2009 - 02/01/2011 |
| | Beth Roberts, Financial Controller<br>c/o Pyramid Advisors LP<br>One Post Office Square, Suite 3100<br>Boston, MA 02109 | 02/01/2009 - 02/01/2011 |

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|---|
| | Pricewaterhouse Coopers LLP | Richard Fournier and Paul Hanley, Partner<br>125 High Street<br>Boston, MA 02110 | For the years ending 12/31/2008 and 12/31/2009 |
| | Beth Roberts, Financial Controller | c/o Pyramid Advisors LP<br>One Post Office Square, Suite 3100<br>Boston, MA 02109 | 02/01/2009 - 02/01/2011 |
| | Christopher Devine, Chief Financial Officer | c/o Pyramid Advisors LP<br>One Post Office Square, Suite 3100<br>Boston, MA 02109 | 02/01/2009 - 02/01/2011 |
| | Courtney Williams, VP, Finance | c/o Pyramid Advisors LP<br>One Post Office Square, Suite 3100<br>Boston, MA 02109 | 02/01/2009 - 02/01/2011 |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|---|---|---|
| | Beth Roberts, Financial Controller | c/o Pyramid Advisors LP<br>One Post Office Square, Suite 3100<br>Boston, MA 02109 |
| | Christopher Devine, Chief Financial Officer | c/o Pyramid Advisors LP<br>One Post Office Square, Suite 3100<br>Boston, MA 02109 |
| | Courtney Williams, VP, Finance | c/o Pyramid Advisors LP<br>One Post Office Square, Suite 3100<br>Boston, MA 02109 |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|------|------------------|-------------|
|      | See attached SOFA 19d |          |

## 20. Inventories

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|------|-------------------|----------------------|-----------------------------------------------------------------|
| X    |                   |                      |                                                                 |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|------|-------------------|----------------------------------------------------|
| X    |                   |                                                    |

## 21. Current Partners, Officers, Directors and Shareholders

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------|------------------|--------------------|-----------------------|
|      | MSR Resort Senior Mezz, LP c/o CNL-AB LLC 1251 Avenue of the Americas New York, NY 10020 | Limited Partner | 99.90% |
|      | MSR Resort SPE GP II LLC c/o CNL-AB LLC 1251 Avenue of the Americas New York, NY 10020 | General Partner | 0.10% |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------|------------------|-------|------------------------------------------|
| X    |                  |       |                                          |

## 22. Former partners, officers, directors and shareholders

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|------|---------|--------------------|
| X    |      |         |                    |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------|------------------|-------|---------------------|
| X    |                  |       |                     |

**23. Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------|------|------|------|
| X | | | |

## 24. Tax Consolidation Group.

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|------|------|------|
| X | | |

## 25. Pension Funds

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|------|------|------|
| X | | |

# In re: MSR Desert Resort, LP
## Case No. 11-10381
SOFA 3b
Payments to creditors

| Name of creditor | Address 1 | Address 2 | City | State | Zip | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|
| Arnold & Associates, Inc. | 14275 Midway Road | Suite 170 | Addison | TX | 92253 | 1/19/2011 | $23,804.73 |
| Belfor USA Group | 23610 N. 20th Drive | Suite 2 | Phoenix | AZ | 85085 | 12/23/2010 | $100,000.00 |
| Belfor USA Group | 23610 N. 20th Drive | Suite 2 | Phoenix | AZ | 85085 | 1/19/2011 | $4,200.00 |
| Belfor USA Group | 23610 N. 20th Drive | Suite 2 | Phoenix | AZ | 85085 | 1/25/2011 | $50,000.00 |
| Dominion Environmental Consult | 7330 North 16th Street | Suite B-101 | Phoenix | AZ | 85020 | 1/19/2011 | $33,822.44 |
| Gerry Brown and Associates | 70 East Lake Street | Suite 1300 | Chicago | IL | 60601 | 12/23/2010 | $15,650.00 |
| Pyramid Project Mgmt | One Post Office Square | Suite 3100 | Boston | MA | 02109 | 12/3/2010 | $17,609.04 |
| RD Olson Construction LP | 2955 Main Street | 3rd Floor | Irvine | CA | 92614 | 1/19/2011 | $20,971.00 |
| RD Olson Construction LP | 2955 Main Street | 3rd Floor | Irvine | CA | 92614 | 1/19/2011 | $116,889.21 |
| Robert A Bernheimer | 45-025 Manitou Drive | Suite 3100 | Indian Wells | CA | 92210 | 11/5/2010 | $41,733.72 |

| Plaintiff | Defendant | Case number | Nature of proceeding | Court | Location of court | Status or disposition |
|---|---|---|---|---|---|---|
| Lames L Milne, Gail R Milne, Gary J Petersen, Patricia C Petersen, Albert C Lamperti, Judy E Lamperti, Eric T Saito and Karen E Saito | KSL Land III Corporation; KSL Land II Corporation; KSL Development Corporation; KSL Recreation Corporation n/k/a MSR Resort Recreation, LP; Michael Shannon; Larry Lichliter and the entity known as KSL Desert Resorts, Inc. n/k/a MSR Desert Resort LP | INC048123 | Breach of Contract - Product Liability | Riverside County, Indio Superior Court | CA | Settled |

**In re: MSR Desert Resort, LP**
**Case No. 11-10381**
**SOFA 19d**
**Books, records and financial statements - Financial institution to whom financial
statement was issued**

From time to time, certain of the Debtors provided unaudited financial statements to
certain of their trade creditors, upon request.

Under the Debtors loan agreements, monthly income statements of hotel operations were
provided to each of the lenders or their respective consultants or financial advisors
(collectively "Lenders").   Such income statements included the hotel operations of the
following Debtors.    Additionally, monthly balance sheets for the following Debtors
were provided to certain of the Lenders upon request.

**Debtor Entities**
- MSR Resort Lodging Tenant LLC
- MSR Resort Ancillary Tenant LLC
- MSR Resort Biltmore Real Estate Inc.
- MSR Resort Desert Real Estate Inc.

Consolidated quarterly unaudited financial statements and consolidated annual audited
financial statements were provided to each of the Lenders for MS Resort Senior Holdings
LLC (a non-debtor, former affiliate of each of the debtors).

**Lenders**

- Midland Loan Services, Inc. 10851 Mastin, Overland Park, KS 66210
- Hypo International – 622 Third Avenue, New York, NY 10017
- C Hotel Mezz Private Limited – 156 West 56th Street, Suite 1900 New York, NY
  10019
- Metropolitan Life Insurance Company – 333 S.Hope Street, Suite 3650, Los
  Angeles, CA 90071
- 450 Lex Private Limited – 156 West 56th Street, Suite 1900 New York, NY 10019
- Five Mile Capital SPE B LLC – 301 Tresser Blvd. 9th Floor Stamford CT 06901
- C3 Asset Management – 5221 N.O'Connor Blvd. Suite 600 Irving, TX 75039
- Eastern Property Fund I SPE (MS REF) LLC – 120 Presidential Way, Suite 300
  Woburn, MA 01801

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK, NEW YORK**

In re: **MSR Desert Resort, LP**                                                                                Case No. 11-10381 (SHL)

# Declaration Concerning Debtor's Statement of Financial Affairs

I, Christopher Devine, authorized signatory for MSR Desert Resort, LP, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date ___3/18/2011_____        Signature: ___/ s / Christopher Devine_____

                                                                                                **Christopher Devine**

                                                                                                **Authorized signatory for MSR Desert Resort, LP**

-----------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**