**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MSR RESORT GOLF COURSE LLC, *et al.*,[1] | ) | Case No. 11-10372 (SHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## MSR RESORT ANCILLARY TENANT, LLC
## CASE NO. 11-10400 (SHL)

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include:  MSR Resort Golf Course LLC (7388);  MSR Biltmore Resort, LP (5736);  MSR Claremont Resort, LP (5787);  MSR Desert Resort, LP (5850);  MSR Grand Wailea Resort, LP (5708);  MSR Resort Ancillary Tenant, LLC (9698);  MSR Resort Biltmore Real Estate, Inc. (8464);  MSR Resort Desert Real Estate Inc. (9265);  MSR Resort Hotel, LP (5558);  MSR Resort Intermediate Mezz GP, LLC( 3864);  MSR Resort Intermediate Mezz LLC (7342);  MSR Resort Intermediate Mezz, LP (3865);  MSR Resort Intermediate MREP, LLC (9703);  MSR Resort Lodging Tenant, LLC (9699);  MSR Resort REP, LLC (9708);  MSR Resort Senior Mezz GP, LLC (9969);  MSR Resort Senior Mezz LLC (7348);  MSR Resort Senior Mezz, LP (9971);  MSR Resort Senior MREP, LLC (9707);  MSR Resort Silver Properties, LP (5674);  MSR Resort SPE GP II LLC (5611);  MSR Resort SPE GP LLC (7349);  MSR Resort Sub Intermediate Mezz GP, LLC (1186);  MSR Resort Sub Intermediate Mezz LLC (7341);  MSR Resort Sub Intermediate Mezz, LP (1187);  MSR Resort Sub Intermediate MREP, LLC (9701);  MSR Resort Sub Senior Mezz GP, LLC (9966);  MSR Resort Sub Senior Mezz LLC (7347);  MSR Resort Sub Senior Mezz, LP (9968); and MSR Resort Sub Senior MREP, LLC (9705). The location of the debtors' service address is:  c/o CNL-AB LLC, 1251 Avenue of the Americas, New York, New York 10020.

James H.M. Sprayregen, P.C.
Paul M. Basta
Edward O. Sassower
Chad J. Husnick
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MSR RESORT GOLF COURSE LLC, *et al.*,[1] | ) | Case No. 11-10372 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,**
**METHODOLOGIES, AND DISCLAIMERS REGARDING THE**
**SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF**
**FINANCIAL AFFAIRS OF MSR RESORT GOLF COURSE LLC, *ET AL.***

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include:  MSR Resort Golf Course LLC (7388); MSR Biltmore Resort, LP (5736); MSR Claremont Resort, LP (5787); MSR Desert Resort, LP (5850); MSR Grand Wailea Resort, LP (5708); MSR Resort Ancillary Tenant, LLC (9698); MSR Resort Biltmore Real Estate, Inc. (8464); MSR Resort Desert Real Estate, Inc. (9265); MSR Resort Hotel, LP (5558); MSR Resort Intermediate Mezz GP, LLC (3864); MSR Resort Intermediate Mezz LLC (7342); MSR Resort Intermediate Mezz, LP (3865); MSR Resort Intermediate MREP, LLC (9703); MSR Resort Lodging Tenant, LLC (9699); MSR Resort REP, LLC (9708); MSR Resort Senior Mezz GP, LLC (9969); MSR Resort Senior Mezz LLC (7348); MSR Resort Senior Mezz, LP (9971); MSR Resort Senior MREP, LLC (9707); MSR Resort Silver Properties, LP (5674); MSR Resort SPE GP II LLC (5611); MSR Resort SPE GP LLC (7349); MSR Resort Sub Intermediate Mezz GP, LLC (1186); MSR Resort Sub Intermediate Mezz LLC (7341); MSR Resort Sub Intermediate Mezz, LP (1187); MSR Resort Sub Intermediate MREP, LLC (9701); MSR Resort Sub Senior Mezz GP, LLC (9966); MSR Resort Sub Senior Mezz LLC (7347); MSR Resort Sub Senior Mezz, LP (9968); and MSR Resort Sub Senior MREP, LLC (9705). The location of the debtors' service address is:  c/o CNL-AB LLC, 1251 Avenue of the Americas, New York, New York 10020.

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, the "Schedules and Statements") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors, with the assistance of the Debtors' advisors and Pyramid Advisors, LP (d/b/a Pyramid Hotel Group), asset manager to the Debtors (the "Asset Manager"), and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Schedules of Assets and Liabilities and Statements of Financial Affairs of MSR Resort Golf Course LLC, *et al.*, (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each Debtor's Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.

The Schedules and Statements have been signed by Christopher Devine, authorized signatory for the Debtors and Chief Financial Officer of the Asset Manager. In reviewing and signing the Schedules and Statements, Mr. Devine necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Devine has not (and could not have) personally verified the accuracy of each such statement and representation, including, without limitation, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. The fact that the Debtors have prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to the rest of the Debtors' Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

1.    **Description of these chapter 11 cases and "As Of" Information Date.** On February 1, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' chapter 11 cases are jointly administered for procedural purposes under *In re MSR Resort Golf Course*

*LLC, et al.*, Case No. 11-10372 (SHL) (Bankr. S.D.N.Y.). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. It would be prohibitively expensive, unduly burdensome, and an inefficient use of resources of the Debtors for the Debtors to obtain current market valuations of all of their assets. Accordingly, the asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of January 31, 2011, except with respect to certain Debtors, including MSR Resort Lodging Tenant, LLC, which asset data is as of January 28, 2011, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the close of business on the Petition Date. Exceptions to this include operating cash and certain other assets; operating cash is presented at bank balances as of the Petition Date, and certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts because the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

2. **General Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

3. **Basis of Presentation.** For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis, which were audited annually and on a consolidated basis prior to 2010. Combining the assets and liabilities

set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to reconcile fully with the consolidated financial statements prepared by the Debtors. Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

4. **Disclaimer Regarding Information.** All of the Debtors' resorts are managed by third-party property managers (the "Resort Managers"),[2] which contract with service providers and purchase substantially all services, goods, and materials utilized in the operation of the Debtors' resorts. The Resort Managers employ an aggregate of approximately 3,800 employees in connection with the operation of the resorts, while the Debtors do not have any employees. Thus, the Schedules and Statements have been prepared, in large part, based upon the information and work product and representations made available to the Debtors, their advisors, and the Asset Manager by representatives of the third-party Resort Managers.

5. **Comprehensive Enterprise.** The Debtors operate their business as a comprehensive enterprise and their financial affairs are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their business (the "Cash Management System"). Disbursements under the Cash Management System were controlled primarily by personnel located at the Debtors' headquarters or by personnel of the Resort Managers or Asset Manager. As a result, certain payments in the Schedules and Statements may have been made prepetition by one legal entity on behalf of another legal entity through the operation of the Cash Management System or otherwise as a result of the Debtors' operations. Further, due to the nature of the Debtors' operations, certain Claims set forth in one legal entity's Schedules and Statements may more appropriately be an obligation of another legal entity. Although efforts have been made to set forth open payable amounts and Claims on the Schedules and Statements of the correct legal entity, the Debtors reserve the right to modify or amend the Schedules and Statements to attribute open payable amounts and Claims to a different legal entity, if necessary or appropriate.

---

[2] Pyramid Resort Asset Management LLC, is the Asset Manager for five of the Debtors' resorts.

K&E 18510439.7

6. **Confidential or Sensitive Information.** There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third-party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The Debtors made reasonable efforts to ensure that the alterations or redactions are limited only to what the Debtors believed was necessary.

7. **Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

8. **Recharacterization.** The Debtors have made reasonable efforts to characterize, classify, categorize, and designate correctly the Claims, assets, executory contracts, unexpired leases, interests, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity and size of the Debtors' business, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases identified herein were executory or unexpired as of the Petition Date or remain executory postpetition.

9. **Court Orders.** Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases on February 2 and 3, 2011, and March 2 and 16, 2011 (the "First and Second Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition Claims of construction vendors, suppliers, taxing authorities, and Resort Managers. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and, therefore, generally are not listed in the Schedules and Statements. Regardless of whether such Claims are listed in the Schedules and Statements, to the extent such Claims are paid pursuant to an order of the Bankruptcy Court (including the First and Second Day Orders), the Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary or appropriate.

K&E 18510439.7

10. **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

11. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, indefinite life intangible assets, accrued accounts payable, and deferred gains. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

12. **Leases.** The Debtors have not included in the Schedules and Statements the future obligations of any capital leases or operating leases. To the extent that there was an amount outstanding as of January 28, 2011 or January 31, 2011, as applicable, the creditor has been included on Schedule F of the Schedules.

13. **Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

14. **Property and Equipment.** Unless otherwise indicated, owned property (including, without limitation, real property) and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect thereto.

15. **Estimates.** To prepare and file the Schedules in accordance with the deadline established in these chapter 11 cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

16. **Fiscal Year.** Each Debtor's fiscal year ends on December 31.

17. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

18. **Umbrella or Master Agreements.** Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement. Other Debtors, however, may be liable instead of, or together with, such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

19. **Insiders.** The Debtors have attempted to include all payments made on or within the 12 months prior to the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (a) any individual or entity owning 5% or more of the voting or equity securities of a Debtor, (b) any individual that has served as either an officer or director of a Debtor within the last 12 months, or (c) any entity related to any of the foregoing. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

20. **Intercompany.** The Schedules and Statements do not reflect certain intercompany transactions between the Debtors and the respective intercompany accounts payable and intercompany accounts receivable, if any, are not set forth in the Schedules and Statements.

21. **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

22. **Setoffs.** The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

23. **Consolidated Identification of Interests.** As set forth in Global Note 6 above, the Schedules and Statements, in various instances, call for information that, if provided, would disclose the identities and personal contact information of individuals making up certain groups including, but not limited to, resort members, customers, and certain homeowners party to rental pool agreements with the Debtors. The Debtors elected to present such sensitive information as consolidated line items of similar interests. For

example, in responding to the information required for <u>Statement 3(b)</u>, the Debtors aggregated customer payments and member payments made within the 90-day period preceding the Petition Date into their own respective aggregate line items. The Debtors believe that producing information in this manner is necessary to both maintain valuable customer and membership relationships and to protect the Debtors' propriety and valuable customer, membership, and high net worth individual lists.

### Specific Disclosures with Respect to the Debtors' Schedules and Statements[3]

24. **Schedule B(9).** The Debtors are listed as beneficiaries of certain insurance policies that were purchased by affiliates of the Asset Manager and various non-Debtor entities. The Debtors list such policies in <u>Schedule B(9)</u> as personal property. Because the relative value of each individual Debtor's interest in a given policy cannot be determined with accuracy, the Debtors listed the current value of each Debtor's interest in such policies as "Unknown."

25. **Schedule B(22).** The Debtors do not own any patents, copyrights, or other intellectual property and checked the box labeled "none" when completing the Schedules. Nevertheless, certain of the Debtors utilize, in the ordinary course of business, intellectual property rights held by MSR Hotels & Resorts, Inc. or MS Resort Purchaser LLC, both of which are non-Debtor affiliates.

26. **Schedule E.** The listing of any claim on <u>Schedule E</u> does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

27. **Schedule G.** While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of <u>Schedule G</u>, inadvertent errors, omissions, or inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on <u>Schedule G</u>. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in <u>Schedule G</u> and to amend or supplement <u>Schedule G</u> as necessary. The contracts, agreements, and leases listed on <u>Schedule G</u> may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on <u>Schedule G</u>, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any

---

[3] In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition. Certain of the executory contracts and unexpired leases listed in Schedule G may have been assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors. The Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G, however, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the Debtors have listed certain contracts, agreements, and leases on Schedule G of the Debtor entity corresponding to the applicable contracting entity on which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease.

28.    **Schedule H.**  Some of the "codebtors" listed in the Debtors' Schedules have not filed voluntary petitions for relief in these chapter 11 cases. Such parties generally are guarantors of the applicable Debtor's funded debt obligations. Importantly, liability of certain guarantors attaches only following certain "recourse" events.

K&E 18510439.7

29. **Statement Question 3(b).** Generally, more than one Debtor is potentially liable on a funded debt obligation. Where payments are made on behalf of funded debt obligations, such payments are recorded in only one of the applicable Debtors' Statements; however, joint obligations are cross-referenced in the Statements of Debtors sharing responsibility. For example, the Debtors list certain payments to Midland Loan Services, Inc. ("Midland") in the Statement for MSR Resort Golf Course LLC. The payments to Midland were made on behalf of seven Debtors, but are only expressly listed on MSR Resort Golf Course LLC's Statement to prevent confusion.

30. **Statement Question 7.** The Debtors list gifts or charitable contributions as identified in their books and records. Certain purchased gift certificates, promotional expenses, and donated gift certificates are not listed because of the variable nature of corresponding liabilities. For example, the value of a donated gift certificate redeemable for a one night resort stay is dependant on room pricing when redeemed. Promotional expenses include complimentary food, beverages, or accommodations and are similarly variable. The Debtors believe these amounts, if scheduled, would have been minimal.

31. **Statement Question 9.** The Debtors list payments to certain professionals related to debt counseling and bankruptcy in the Statement for MSR Resort Golf Course LLC. In order to prevent confusion over amounts paid to the Debtors' professionals, the Debtors only list such payments in the MSR Resort Golf Course LLC Statement. Nevertheless, out of an abundance of caution, the Debtors cross-reference the MSR Resort Golf Course LLC Statement in response to question nine for the other Debtor Statements.

32. **Statement Question 19.** Certain of the mezzanine level Debtors do not maintain formal books and records.

K&E 18510439.7

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**Southern District of New York, New York**

**In re: MSR Resort Ancillary Tenant, LLC**                          **Case No. 11-10400 (SHL)**

**Chapter 11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 16 | $10,519,191.86 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $75,458,795.90 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $15,416,070.43 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 3 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **29** | **$10,519,191.86** | **$90,874,866.33** | |

**In re: MSR Resort Ancillary Tenant, LLC**  Case No. 11-10400 (SHL)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | $0.00 | |

(Report total also on Summary of Schedules.)

**In re: MSR Resort Ancillary Tenant, LLC**          **Case No. 11-10400 (SHL)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | $0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

**In re: MSR Resort Ancillary Tenant, LLC**            **Case No. 11-10400 (SHL)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | $0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | $0.00 |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | $0.00 |

Subtotal (Total on this page)    **$0.00**

**In re: MSR Resort Ancillary Tenant, LLC**  **Case No. 11-10400 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6. Wearing apparel. | X | | | $0.00 |
| 7. Furs and jewelry. | X | | | $0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | $0.00 |

Subtotal (Total on this page) **$0.00**

**In re: MSR Resort Ancillary Tenant, LLC**                                    **Case No. 11-10400 (SHL)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | ACE American Insurance Company, Indemnity Ins Co of North America and Ace Property And Casualty (General Liability, Auto, Umbrella, Workers Comp, Liquor Liability) 3/1/10 - 3/1/11<br>Policy Number: Multiple<br>Beneficiary: La Quinta Resort & Club, Arizona Biltmore Resort & Spa, Grand Wailea Resort Hotel & Spa<br>Insured Party: Waldorf-Astoria Management, LLC | | Unknown |
| | | Starr Indemnity & Liability (D&O) - 12/30/2010 - 12/30/2011<br>Policy Number: SISIFNL20061310<br>Beneficiary: All 30 Debtors plus several non-debtors<br>Insured Party: Pyramid Advisors Limited Partnership | | Unknown |
| | | Travelers (Contingent Liability) - 5/10/10 - 5/10/11<br>Policy Number: Y-660-5235N105-TIL-10<br>Beneficiary: All 30 Debtors plus several non-debtors<br>Insured Party: MS Resort Senior Holdings LLC | | Unknown |

Subtotal (Total on this page)          **$0.00**

**In re: MSR Resort Ancillary Tenant, LLC**                                    **Case No. 11-10400 (SHL)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10.  Annuities. Itemize and name each issuer. | X | | | $0.00 |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | $0.00 |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

**In re: MSR Resort Ancillary Tenant, LLC**                                              **Case No. 11-10400 (SHL)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | $0.00 |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | $0.00 |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

**In re: MSR Resort Ancillary Tenant, LLC**　　　　　　　　　　　　**Case No. 11-10400 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 16.  Accounts Receivable. | | City Ledger Receivable, including allowance for bad debt | | $3,005,745.91[1] |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $0.00 |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Credit balance of FF&E Reserve payable | | $108,849.68 |

　　　　　　　　　　　　　　　　　　　　　　Subtotal (Total on this page)　　| **$3,114,595.59** |

Footnote:
(1)  Details available upon request.

**In re: MSR Resort Ancillary Tenant, LLC**                                         **Case No. 11-10400 (SHL)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Notes Receivable from Members PGA Premier Current portion | | $622,514.57 |
| | | Notes Receivable from Members LQ Heritage Current portion | | $148,353.73 |
| | | Notes Receivable from Members PGA Membership | | $644,499.08 |

Subtotal (Total on this page)  **$1,415,367.38**

**In re: MSR Resort Ancillary Tenant, LLC**        **Case No. 11-10400 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Notes Receivable from Members<br>Other Notes Receivable | | $5,045,472.31 |
| | | Notes Receivable from Members<br>LQ Membership Notes | | $636,473.58 |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | $0.00 |

Subtotal (Total on this page)     **$5,681,945.89**

**In re: MSR Resort Ancillary Tenant, LLC**　　　　　　　　　　　　　　**Case No. 11-10400 (SHL)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $0.00 |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | $0.00 |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page) | **$0.00**

**In re: MSR Resort Ancillary Tenant, LLC**                                    **Case No. 11-10400 (SHL)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | $0.00 |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $0.00 |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

**In re: MSR Resort Ancillary Tenant, LLC**                                    **Case No. 11-10400 (SHL)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26. Boats, motors, and accessories. | X | | | $0.00 |
| 27. Aircraft and accessories. | X | | | $0.00 |
| 28. Office equipment, furnishings, and supplies. | X | | | $0.00 |

Subtotal (Total on this page)        **$0.00**

**In re: MSR Resort Ancillary Tenant, LLC**　　　　　　　　　　　　　　　**Case No. 11-10400 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | $0.00 |
| 30.  Inventory. | | See attached Schedule B30 | | $307,283.00 |
| 31.  Animals. | X | | | $0.00 |

Subtotal (Total on this page)　　　**$307,283.00**

**In re: MSR Resort Ancillary Tenant, LLC**　　　　　　　　　　**Case No. 11-10400 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32.  Crops - growing or harvested.  Give particulars. | X | | | $0.00 |
| 33.  Farming equipment and implements. | X | | | $0.00 |
| 34.  Farm supplies, chemicals, and feed. | X | | | $0.00 |

　　　　　　　　　　　　　　　　　Subtotal (Total on this page)　　　**$0.00**

**In re: MSR Resort Ancillary Tenant, LLC**  **Case No. 11-10400 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | $0.00 |

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$10,519,191.86** |

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

| Description | Book value |
|---|---|
| Beer | $1,791.00 |
| Food | $49,718.00 |
| Liquor | $24,810.00 |
| Other | $4,612.00 |
| Other Sundry | $65,506.00 |
| Retail | $138,857.00 |
| Wine | $21,989.00 |
| **Total:** | **$307,283.00** |

**In re: MSR Resort Ancillary Tenant, LLC**                                    **Case No. 11-10400 (SHL)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | |
| | | | Subtotal(s) (Total(s) on this page) | | | | $0.00 | $0.00 |
| | | | Total(s) (Use only on last page) | | | | $0.00 | $0.00 |
| | | | | | | | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

**In re: MSR Resort Ancillary Tenant, LLC**     **Case No. 11-10400 (SHL)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIM   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**In re: MSR Resort Ancillary Tenant, LLC**                                   **Case No. 11-10400 (SHL)**

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☑  **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**In re: MSR Resort Ancillary Tenant, LLC**　　　　　　　　　　　　**Case No. 11-10400 (SHL)**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| California Franchise Tax Board<br>PO Box 942857<br>Sacramento, CA 94257-0601 | | | Income / franchise tax liabilities | | X | | $12,590.00 | $12,590.00 | $0.00 |
| Refundable Membership Deposit Liabilities | | | | X | X | X | $75,446,205.90 | $1,942,200.00 | $73,504,005.90 |

　　　　　　　　　　Subtotals (Totals on this page)　　| **$75,458,795.90** | **$1,954,790.00** | **$73,504,005.90** |

**In re: MSR Resort Ancillary Tenant, LLC**                                            **Case No. 11-10400 (SHL)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Subtotals (Totals on this page): | | | | | | | $0.00 | $0.00 | $0.00 |
| Total: (Report also on the Summary of Schedules) | | | | | | | $75,458,795.90 | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | | | | | | | $1,954,790.00 | $73,504,005.90 |

**In re: MSR Resort Ancillary Tenant, LLC**          **Case No. 11-10400 (SHL)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| CT Corporation<br>Michelle Donato<br>120 South Central Avenue<br>Clayton, MO 63105 | | | Unsecured Vendors | | | | $88.00 |
| Global Securitization Services, LLC<br>68 South Service Road<br>Suite 120<br>Melville, NY 11747 | | | Unsecured Vendors | X | | | $1,500.00 |

Subtotal (Total on this page)      **$1,588.00**

**In re: MSR Resort Ancillary Tenant, LLC**  **Case No. 11-10400 (SHL)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See Instructions Above.*) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Midland Loan Services, Inc<br>Kevin S Semon<br>10851 Mastin<br>6th Floor<br>Overland Park, KS 66210 | | | $1BN Fixed Rate CMBS Pool COMM 2006-CNL2 | X | X | | Unknown |
| Miller Buckfire<br>Attn Steven W Bremer<br>601 Lexington Ave<br>22nd Floor<br>New York, NY 10022 | | | Unsecured Vendor | X | X | X | $8,063,447.30 |
| MSR Resort Golf Course LLC<br>49 499 Eisenhower Drive<br>La Quinta, CA 92253 | X | | Rent Payable under operating lease agreement | | | | $7,351,035.13 |
| | | | Subtotal (Total on this page) | | | | **$15,414,482.43** |
| | | | Total<br>(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | **$15,416,070.43** |

**In re: MSR Resort Ancillary Tenant, LLC**                    **Case No. 11-10400 (SHL)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| See attached Schedule G | |

| Name of other parties to lease or contract | Address 1 | Address 2 | Address 3 | City | State | Zip | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract. |
|---|---|---|---|---|---|---|---|
| 747 INDIVIDUAL MEMBERS | | | | | | | REFUNDABLE MEMBERSHIP PROGRAMS |
| 439 INDIVIDUAL MEMBERS | | | | | | | NON-REFUNDABLE MEMBERSHIP PROGRAMS |
| 90210 MANAGEMENT CO, LLC (AS ASSIGNED TO WALDORF ASTORIA MANAGEMENT, LLC) | 7930 JONES BRANCH DRIVE | | | MCLEAN | VA | 22102 | PROPERTY MANAGEMENT AGREEMENT |
| CROWN POINT PARTNERS LLC | 1022 SOUTHWEST SALMON | SUITE 450 | | PORTLAND | OR | 97205 | PREMIER GOLF MEMBERSHIP AGREEMENT |
| FAIRWAYS 360, INC. | | | | | | | MEMORANDUM STRATEGIC PARTNERSHIP |
| MSR RESORT GOLF COURSE LLC | C/O PYRAMID ADVISORS LP | ONE POST OFFICE SQUARE | SUITE 3100 | BOSTON | MA | 02109 | LEASE AGREEMENT |
| NATIONAL CITY GOLF FINANCE | | | | | | | 48 MONTH LEASE OF (4) JD 1905 ROUGH MOWERS, (4) JD 3235C FAIRWAY MOWERS. |
| PGA TOUR | 110 PGA TOUR BLVD, | | | PONTE VEDRA | FL | 32082 | TPC AGREEMENT |
| SWANK AUDIO VISUALS LLC | 639E GRAVOIS BLUFFS | | | ST LOUIS | MO | 63026 | AUDIO VISUAL AGREEMENT |
| TRM 122, LLC | 50-855 WASHINGTON ST | SUITE C235 | | LA QUINTA | CA | 92253 | PGA WEST PREMIER SPORTS MEMBERSHIP AGREEMENT |
| YAMAHA MOTOR CORPORATION USA | DEPT. CH 14022 | | | PALATINE | IL | 60055 | EQUIPMENT LEASE |
| YAMAHA MOTOR CORPORATION, USA | DEPT. CH 14022 | | | PALATINE | IL | 60055 | LEASE 27 G27E UTILITY VEHICLES FROM 4/08 TO 3/12 @ PGA WEST-LEASE # 08060367 |
| YAMAHA MOTOR CORPORATION, USA | DEPT. CH 14022 | | | PALATINE | IL | 60055 | LEASE 250 YDRE (METALLIC COLOR) GOLF CARS FROM 6/09 TO 3/12 @ PGA WEST-LEASE 09073432 |
| YAMAHA MOTOR CORPORATION, USA | DEPT. CH 14022 | | | PALATINE | IL | 60055 | 3 YDRE (PTV) GOLF CARS |
| YAMAHA MOTOR CORPORATION, USA | DEPT. CH 14022 | | | PALATINE | IL | 60055 | 6 YDRE(4-PASS) GOLF CARS |
| YAMAHA MOTOR CORPORATION, USA. | DEPT. CH 14022 | | | PALATINE | IL | 60055 | 263 YDREF GOLF CARS AT PGA WEST-LEASE 8060222 |
| YAMAHA MOTOR CORPORATION, USA. | DEPT. CH 14022 | | | PALATINE | IL | 60055 | 60 YDRE (07 MODEL) GOLF CARS |

3/17/2011 10:56 PM

**In re: MSR Resort Ancillary Tenant, LLC**          **Case No. 11-10400 (SHL)**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☐ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| MSR Desert Resort, LP<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | Fairways 360, Inc.<br>No address specified |
| MSR Desert Resort, LP<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | PGA Tour<br>110 PGA Tour Blvd<br>Ponte Vedra, FL 32082 |
| MSR Desert Resort, LP<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | Swank Audio Visuals LLC<br>639E Gravois Bluffs<br>St Louis, MO 63026 |
| MSR Resort Desert Real Estate, Inc.<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | 90210 Management Co, LLC<br>7930 Jones Branch Drive<br>McLean, VA 22102 |

**In re: MSR Resort Ancillary Tenant, LLC**                                    **Case No. 11-10400 (SHL)**

## SCHEDULE  H - CODEBTORS

(Continuation Sheet)

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| MSR Resort Golf Course LLC<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | PGA Tour<br>110 PGA Tour Blvd<br>Ponte Vedra, FL 32082 |
| MSR Resort Lodging Tenant LLC<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | 90210 Management Co, LLC<br>7930 Jones Branch Drive<br>McLean, VA 22102 |
| MSR Resort Lodging Tenant LLC<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | Fairways 360, Inc.<br>No address specified |
| MSR Resort Lodging Tenant LLC<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | Yamaha Motor Corporation, USA<br>Dept. Ch 14022<br>Palatine, IL 60055 |
| MSR Resort Lodging Tenant LLC<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | PGA Tour<br>110 PGA Tour Blvd<br>Ponte Vedra, FL 32082 |

**In re: MSR Resort Ancillary Tenant, LLC**                    **Case No. 11-10400 (SHL)**

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| MSR Resort Lodging Tenant LLC<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | Swank Audio Visuals LLC<br>639E Gravois Bluffs<br>St Louis, MO 63026 |
| MSR Resort Lodging Tenant LLC<br>c/o CNL AB LLC<br>1251 Avenue of the Americas<br>New York, NY 10020 | Crown Point Partners LLC<br>1022 Southwest Salmon<br>Suite 450<br>Portland, OR 97205 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK, NEW YORK**

**In re: MSR Resort Ancillary Tenant, LLC**                                                **Case No. 11-10400 (SHL)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Christopher Devine, authorized signatory for MSR Resort Ancillary Tenant, LLC, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 41 sheets , and that they are true and correct to the best of my knowledge, information, and belief.

Date  3/18/2011
_____

Signature: _____/ s / Christopher Devine_____

**Christopher Devine**

**Authorized signatory for MSR Resort Ancillary Tenant, LLC**

-------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**