

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

Kathryn A. Coleman
Direct Dial: 212-837-6447
Direct Fax: 212-299-6447
kcoleman@hugheshubbard.com

December 2, 2011

**BY HAND**

Honorable Sean H. Lane
U.S. Bankruptcy Judge
U.S. Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, New York 10004

Re:    In re MSR Resort Golf Course LLC, et al., No. 11-10372 (SHL)

Dear Judge Lane:

   I write on behalf of our client, Trump Endeavor 12 LLC ("Trump") to respectfully request that the Court schedule a telephonic conference to discuss a subpoena (the "Subpoena") served upon Trump on November 23, 2011 by Marriott International, Inc. ("Marriott"), requesting the production of documents (the "Document Requests") by December 5, 2011 and the production of a corporate representative of Trump for a deposition (the "Deposition Request") on December 9, 2011. A copy of the Subpoena is attached hereto as Exhibit A.

   We have attempted in good faith to try to resolve this matter without the need for your Honor's intervention but were unsuccessful in doing so. Specifically, I sent a letter to counsel for Marriott, Daniel C. Brown of Sheppard Mullin Richter & Hampton LLP, on November 30, 2011 requesting that Marriott withdraw the Subpoena. A copy of my November 30 letter is attached hereto as Exhibit B. In response to my November 30 letter, my colleague, Christopher Gartman, conferred telephonically today with Mr. Brown and Mr. Brown's colleague, Carren Shulman, to discuss the nature of Trump's objection to the Subpoena. However, Mr. Brown and Ms. Shulman have indicated that Marriott is not prepared to withdraw the Subpoena, but rather is only willing to consider limiting its discovery requests. Thus, we are compelled to seek your Honor's assistance at this time.

   For the reasons stated below, Trump objects to the Subpoena and requests that the Subpoena be quashed or that a protective order be entered protecting Trump from disclosure of the information sought by the Subpoena.

First, the Subpoena should be quashed because Trump has no relevant information regarding Marriott's present dispute with the Debtors regarding the amount of any damages Marriott may be entitled to seek as a result of the Debtors' stated intent to reject the Management Agreement and Owner Agreement between certain of the Debtors and Marriott (the "Rejection Damage Dispute"). The Subpoena therefore subjects Trump to undue burden and is unnecessary, irrelevant and harassing. A court must quash a subpoena if it "subjects a person to undue burden." Fed R. Civ. P. 45(c)(3)(iv); Fed. R. Bankr. P. 9016 (emphasis added). In addition, a court may issue a protective order forbidding the disclosure of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1); Fed. R. Bankr. P. 7026.

Here, Trump is merely a prospective purchaser of the Property, and has submitted a bid to serve as the stalking horse bidder. Trump is not party to any agreement with Marriott relating to the Property and does not possess any unique knowledge or information regarding the Rejection Damage Dispute. In short, Trump's role as a prospective purchaser is completely irrelevant to the Rejection Damage Dispute.

Second, to the extent Marriott is seeking information regarding the sale motion (the "Sale Motion") filed by the Debtors relating to the prospective auction of the Doral Golf Course Resort & Spa (the "Property"), Marriott lacks a valid basis upon which to object to that motion. Marriott is neither the seller of the Property, nor has it submitted a bid to purchase the Property. Further, the Rejection Damage Dispute will resolve any and all claims of Marriott relating to the Property prior to the auction. Marriott therefore has no basis on which to seek discovery related to the Sale Motion from Trump.

Third, to the extent that Marriott is entitled to discovery relating to the sale process relating to the Property (the "Sale Process") from any party (a point which, as indicated in the preceding paragraph, Trump disputes), it may, and upon belief has, sought that information from the Debtors. Where the discovery sought "is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or where "the burden or expenses of the proposed discovery outweighs its likely benefit," "the court must limit the frequency or extent of discovery otherwise allowed." Fed R. Civ. P. 26(b)(2)(C) (emphasis added); Fed. R. Bankr. P. 7026. Here, Marriott can, if otherwise entitled, seek the exact same information from the Debtors. As a result, it is improper to also seek to impose those same costs and burdens on Trump.

Fourth, to the extent Marriott is seeking information from Trump relating to the Sale Process, disclosure of such information is protected by Rule 45(c)(3)(A)(iii) and (c)(3)(B)(i) which require a court to quash a subpoena that seeks disclosure of the confidential research, development or commercial information and/or trade secrets sought by the Subpoena. Any disclosure by Trump of information relating to the Sale Process or Trump's role as a prospective purchaser of the party would be unduly prejudicial to Trump and the entire sale process. Moreover, the proposed bidding procedures relating to the sale of the Property (the "Bidding Procedures") require that any person seeking due diligence information regarding the Property (i) submit information sufficient to establish itself as an "Acceptable Bidder" and (ii) execute a confidentiality agreement. As a result, while diligence may be sought from the Debtors regarding the Property pursuant to the Bidding Procedures, such information is deemed

confidential by those same procedures. It would therefore be improper to seek to obtain such information from Trump as a prospective purchaser. Further, any information provided to Trump by the Debtors is subject to a confidentiality agreement and is thus not subject to disclosure. The Subpoena therefore represents an improper attempt to circumvent the protections afforded to Trump and other prospective purchasers under the Bidding Procedures.

Finally, notwithstanding the foregoing objections, the Subpoena is defective because it fails to allow a reasonable time to comply. See Fed. R. Civ. P. 45(c)(3)(A)(i) (stating that a court must quash a subpoena if it "fails to allow a reasonable time to comply"). A subpoena must "specify a reasonable time, place, and manner for performing the related acts." Fed R. Civ. P. 34(b)(1)(B); Fed. R. Bankr. P. 7034. Moreover, the Subpoena violates the Federal Rules of Civil Procedure, which provide Trump 30 days to respond to a request for production of documents. See Fed R. Civ. P. 34(b)(2)(A). Here, the Documents Requests and Deposition Request require that Trump perform certain acts within only 12 and 16 days, far short of the 30 day requirement. As a result, the Document Requests are facially defective for failure to provide a reasonable time to produce documents in response thereto. The Deposition Request is similarly defective since it requests the production of a witness for a deposition prior to the time provided to respond to the Document Requests associated with the Deposition Request.

For the foregoing reasons, the Subpoena should be quashed, or a protective order should be entered protecting Trump from having to disclose information in response thereto. Since I will be traveling until approximately 2:00 pm on Monday, December 5, 2011, Mr. Gartman conferred with Mr. Brown and Ms. Shulman as to their availability and can represent that they would be available for a telephonic conference at 3:30 pm or any time thereafter. We have also informed the Debtors' counsel that we would be requesting a telephonic conference, and they have indicated to us that they too would be available at that time. I therefore respectfully request that such a conference be scheduled at 3:30 pm or later on Monday, December 5, 2011, or at any later time and date as is convenient for the Court.

Trump reserves all of its rights with respect to the Subpoena, including, without limitation, the right to assert additional objections thereto and to file a motion to quash the Subpoena or a motion for entry of a protective order with respect thereto.

Very truly yours,

Kathryn A. Coleman

cc: Daniel L. Brown, Esq.
    Carren Shulman, Esq.
    Eric Leon, Esq.
    Ryan Morettini, Esq.

# EXHIBIT A

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re MSR RESORT GOLF COURSE LLC, et al.,
Debtor

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No. * 11-10372 (SHL)

Chapter 11

To: TRUMP ENDEAVOR 12 LLC
725 Fifth Avenue, 25th Floor
New York, New York 10022
Attn: Ivanka Trump
Jason Greenblatt, Esq.

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sheppard Mullin Richter & Hampton LLP<br>30 Rockefeller Plaza<br>New York, NY 10112 | December 9, 2011<br>10:00 a.m. (EDT)<br>See attached Exhibit A |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit B

| PLACE | DATE AND TIME |
|---|---|
| Sheppard Mullin Richter & Hampton LLP<br>30 Rockefeller Plaza<br>New York, NY 10112 | December 5, 2011<br>5:00 p.m. (EDT) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE<br>[signature] Attorney for Marriott International, Inc. | DATE<br>November 23, 2011 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER Daniel L. Brown, Esq.<br>Sheppard Mullin Richter & Hampton LLP, 30 Rockefeller Plaza, New York, NY 10112<br>(212) 653-8700 | |

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B56 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
　(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
　(2) Command to Produce Materials or Permit Inspection.
　　(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　　(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　　(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
　　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
　(3) Quashing or Modifying a Subpoena.
　　(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
　　　(i) fails to allow a reasonable time to comply;
　　　(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
　　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　　(iv) subjects a person to undue burden.
　　(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
　　　(i) disclosing a trade secret or other confidential research, development, or commercial information;
　　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
　　　(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
　　(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　　(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
　(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
　　(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　　(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　　(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
　　(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
　(2) Claiming Privilege or Protection.
　　(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　　(i) expressly make the claim; and
　　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　　(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable by Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedures, Trump Endeavor 12 LLC ("Trump") is required to designate one or more officers, directors, managing agents or employees of Trump, or other persons who consent to testify on its behalf, to testify on its behalf with respect to:

(i)  Trump's potential purchase of the Doral Golf Resort & Spa (the "Hotel") and negotiations relating thereto, including, but not limited, the terms of the Purchase and Sale Agreement between Trump and MSR Resort Hotel, LP and MSR Resort Silver Properties, LP;

(ii)  all plans, projections, forecasts, and pro formas relating to the Hotel;

(iiii)  Marriott's management of the Hotel, and any damages that might be owed as a result of the termination of Marriott's management agreement for the Hotel; and

(iv)  the *Motion of MSR Resort Golf Course LLC, et al., for Entry of a Sale Procedures Order and a Sale Order in Connection with the Sale of the Doral Golf Course Resort & Spa*, dated October 18, 2011 [DN. 732];

at the place, date, and time specified in the subpoena to which this Exhibit A is attached, or at such other time as may be agreed to, all in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

The deposition will be recorded by audio, video and stenographic means.

## EXHIBIT B

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure, Trump Endeavor 12 LLC ("Trump") is hereby commanded to produce and permit inspection and copying of the following documents at the place, date, and time specified in the subpoena to which this Exhibit B is attached, or at such other time as may be agreed to, all in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to the Requests. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning. As used in these Requests, the following terms are to be interpreted with these definitions.

1. The term "Debtors" refers to MSR Resort Golf Course LLC and its affiliated debtors and debtors-in-possession, and its corporate parents, subsidiaries and affiliates, and any of their officers, directors, employees, partners, attorneys, representatives and agents, including Pyramid Resort Asset Management LLC, the Debtors' management company, its corporate parents, subsidiaries and affiliates, and any of their officers, directors, employees, partners, attorneys, representatives and agents.

2. The term "Trump" refers Trump Endeavor 12 LLC and its affiliates, corporate parents, subsidiaries and affiliates, and any of their officers, directors, employees, partners, attorneys, representatives and agents.

3. The term "Doral" or "Hotel" refers to the Doral Golf Resort and Spa, a Marriott Resort.

4.     The term "Doral Owner" refers collectively to Debtors MSR Resort Hotel, LP, as successor to CNL Resort Hotel, LP, and MSR Resort Silver Properties, LP, as successor to CNL Resort Silver Properties, LP, the fee owners of the Hotel.

5.     The term "PSA" refers to the Purchase and Sale Agreement entered into by the Doral Owner and Trump.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents that you received from the Debtors, Houlihan Lokey Capital, Inc., or Hodges Ward Elliott, Inc., with respect to the sale of the Hotel, including, but not limited to, all marketing materials, offering memoranda, and due diligence materials.

2.     All documents referring or relating to the PSA, including, but not limited to, all drafts of the PSA, and the terms of the PSA, including the Standby Fee, Topping Fee and Expense Reimbursement (as each is defined in the PSA).

3.     All documents constituting, referring, or relating to the negotiations of the PSA.

4.     All documents referring or relating to Marriott's management of the Hotel, including, but not limited to, any damages that might be owed as a result of the termination of Marriott's management agreement for the Hotel.

5.     All documents evidencing your ability to close the transaction contemplated by the PSA, including, but not limited to, any contingencies or conditions precedent to closing, and all documents relating to any actual or prospective financing in connection with the transaction contemplated by the PSA.

6.     All plans, projections, forecasts and pro formas relating to the Hotel and/or prepared in connection with the PSA.

## **EXHIBIT B**

# Hughes Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

Kathryn A. Coleman
Direct Dial: 212-837-6447
Direct Fax: 212-299-6447
kcoleman@hugheshubbard.com

November 30, 2011

**BY HAND AND ELECTRONIC MAIL**

Daniel L. Brown, Esq.
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112

Re:   In re MSR Resort Golf Course LLC, et al., No. 11-10372 (SHL)

Dear Daniel:

I write on behalf of our client, Trump Endeavor 12 LLC ("Trump"), in response to the subpoena (the "Subpoena") your firm served upon Trump on November 23, 2011 on behalf of Marriott International, Inc. ("Marriott"), requesting the production of documents (the "Document Requests") by December 5, 2011 and the production of a corporate representative of Trump for a deposition (the "Deposition Request") on December 9, 2011. For the reasons stated below, Trump objects to the Subpoena, will not produce documents or a witness in response thereto and requests that Marriott withdraw the Subpoena.

First, Trump has no relevant information regarding Marriott's present dispute with the Debtors regarding the amount of any damages Marriott may be entitled to seek as a result of the Debtors' stated intent to reject the Management Agreement and Owner Agreement between certain of the Debtors and Marriott (the "Rejection Damage Dispute"). The Subpoena therefore subjects Trump to undue burden and is unnecessary, irrelevant and harassing. A court must quash a subpoena if it "subjects a person to undue burden." Fed R. Civ. P. 45(c)(3)(iv); Fed. R. Bankr. P. 9016. In addition, a court may issue a protective order forbidding the disclosure of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1); Fed. R. Bankr. P. 7026.

Here, as you know, Trump is merely a prospective purchaser of the Property, and has submitted a bid to serve as the stalking horse bidder. Trump is not party to any agreement with Marriott relating to the Property and does not possess any knowledge or information regarding the Rejection Damage Dispute. In short, Trump's role as a prospective purchaser is completely irrelevant to the Rejection Damage Dispute.

Second, to the extent Marriott is seeking information regarding the sale motion (the "Sale Motion") filed by the Debtors relating to the prospective auction of the Doral Golf Course Resort & Spa (the "Property"), Marriott lacks standing to object to that motion. Marriott is neither the seller of the Property, nor has it submitted a bid to purchase the Property. Further, the Rejection Damage Dispute will resolve any and all claims of Marriott relating to the Property prior to the auction. Marriott therefore has no basis on which to seek discovery related to the Sale Motion.

Third, to the extent Marriott is seeking information from Trump relating to the Sale Process, disclosure of such information is protected by Rule 45(c)(3)(A)(iii) and (c)(3)(B)(i) which require a court to quash a subpoena that seeks disclosure of the confidential research, development or commercial information and/or trade secrets sought by the Subpoena. Any disclosure by Trump of information relating to the Sale Motion or Trump's role as a prospective purchaser of the party would be unduly prejudicial to Trump and the entire sale process. Moreover, the proposed Bidding Procedures relating to the sale of the Property require that any person seeking due diligence information regarding the Property (i) submit information sufficient to establish itself as an "Acceptable Bidder" and (ii) execute a confidentiality agreement. As a result, while diligence may be sought from the Debtors regarding the Property pursuant to the proposed Bid Procedures, such information is deemed confidential by those same procedures. It would therefore be improper to seek to obtain such information from Trump as a prospective purchaser. Further, any information provided to Trump by the Debtors is subject to a confidentiality agreement and is thus not subject to disclosure. The Subpoena therefore represents an improper attempt to circumscribe the protections afforded to prospective purchasers under the proposed Bidding Procedures.

Finally, notwithstanding the foregoing objections, the Subpoena is defective because it fails to allow a reasonable time to comply. See Fed. R. Civ. P. 45(c)(3)(A)(i) (stating that a court must quash a subpoena if it "fails to allow a reasonable time to comply"). A Subpoena must "specify a reasonable time, place, and manner for performing the related acts." Fed R. Civ. P. 34(b)(1)(B); Fed. R. Bankr. P. 7034. Moreover, the Subpoena violates the Federal Rules of Civil Procedure, which provide Trump 30 days to respond to a request for production of documents. See Fed R. Civ. P. 34(b)(2)(A). Here, the Documents Requests and Deposition Request require that Trump perform certain acts within only 12 and 16 days, far short of the 30 day requirement. As a result, the Document Requests are facially defective for failure to provide a reasonable time to produce documents in response thereto. The Deposition Request is similarly defective since it requests the production of a witness for a deposition prior to the time provided to respond to the Document Requests associated with the Deposition Request.

For the foregoing reasons, the Subpoena should be quashed or withdrawn. Trump reserves all rights with respect to the Subpoena, including, without limitation, the right to assert additional objections thereto and to file a motion to quash the Subpoena or a motion for entry of a protective order with respect thereto. If you are unwilling to withdraw the Subpoena, please contact me as soon as possible so that we may, in accordance with the Court's instructions to all

parties at the last hearing regarding the Rejection Damage Dispute, request a chambers conference with the Court to discuss the dispute.

Very truly yours,

*Kathryn Coleman/CG*

Kathryn A. Coleman