James H.M. Sprayregen, P.C.
Paul M. Basta
Edward O. Sassower
Chad J. Husnick
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MSR RESORT GOLF COURSE LLC, *et al.*,[1] | Case No. 11-10372 (SHL) |
| Debtors. | Jointly Administered |

# MOTION OF MSR RESORT GOLF COURSE LLC, *ET AL.*, FOR ENTRY OF AN ORDER ESTIMATING DAMAGES RESULTING FROM REJECTION OF THE HILTON MANAGEMENT AGREEMENTS AND AN ORDER AUTHORIZING REJECTION OF THE HILTON MANAGEMENT AGREEMENTS

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") file

this motion (this "<u>Motion</u>") for entry of (i) an order, substantially in the form attached hereto as

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: MSR Resort Golf Course LLC (7388); MSR Biltmore Resort, LP (5736); MSR Claremont Resort, LP (5787); MSR Desert Resort, LP (5850); MSR Grand Wailea Resort, LP (5708); MSR Resort Ancillary Tenant, LLC (9698); MSR Resort Biltmore Real Estate, Inc. (8464); MSR Resort Desert Real Estate, Inc. (9265); MSR Resort Hotel, LP (5558); MSR Resort Intermediate Mezz GP, LLC (3864); MSR Resort Intermediate Mezz LLC (7342); MSR Resort Intermediate Mezz, LP (3865); MSR Resort Intermediate MREP, LLC (9703); MSR Resort Lodging Tenant, LLC (9699); MSR Resort REP, LLC (9708); MSR Resort Senior Mezz GP, LLC (9969); MSR Resort Senior Mezz LLC (7348); MSR Resort Senior Mezz, LP (9971); MSR Resort Senior MREP, LLC (9707); MSR Resort Silver Properties, LP (5674); MSR Resort SPE GP II LLC (5611); MSR Resort SPE GP LLC (7349); MSR Resort Sub Intermediate Mezz GP, LLC (1186); MSR Resort Sub Intermediate Mezz LLC (7341); MSR Resort Sub Intermediate Mezz, LP (1187); MSR Resort Sub Intermediate MREP, LLC (9701); MSR Resort Sub Senior Mezz GP, LLC (9966); MSR Resort Sub Senior Mezz LLC (7347); MSR Resort Sub Senior Mezz, LP (9968); and MSR Resort Sub Senior MREP, LLC (9705). The location of the debtors' service address is: c/o CNL-AB LLC, 1251 Avenue of the Americas, New York, New York 10020.

**Exhibit A**, estimating damages resulting from rejection of the Amended and Restated Management Agreements (the "Hilton Management Agreements"), each dated January 31, 2006, by and between Waldorf=Astoria Management LLC ("Hilton"), as successor in interest to 90210 Management Company, LLC ("90210"), and MSR Resort Lodging Tenant, LLC, successor to CNL Resort Lodging Tenant Corp., and certain affiliates, for management services at the Grand Wailea Resort Hotel & Spa ("Grand Wailea") in Maui, Hawaii, the La Quinta Resort & Club PGA West ("La Quinta") in La Quinta, California, and the Arizona Biltmore Resort & Spa in Phoenix, Arizona ("Arizona Biltmore," and, together with Grand Wailea and La Quinta, the "Hilton-Managed Resorts"),[2] and (ii) an order, substantially in the form attached hereto as **Exhibit B**, authorizing the Debtors to reject the Hilton Management Agreements.[3] In support of this Motion, the Debtors respectfully state as follows.

## Preliminary Statement[4]

1. Soon after the Petition Date, the Debtors determined that they could unlock substantial value by either restructuring or replacing the Hilton Management Agreements. After months of failed negotiations with Hilton, the Debtors began the process to free their estates of the Hilton Management Agreements by seeking to enforce the Hilton estoppels. The Debtors believe that Hilton is equitably estopped from asserting a claim against the Owner Entities of the Hilton-Managed Resorts. Although the Debtors retain full confidence in the legal merits of their

---

[2] The Debtors and Hilton have agreed upon a litigation schedule, which is described further in the *Joint Ex Parte Motion of MSR Resort Golf Course LLC, et al., and Waldorf=Astoria Management LLC for Entry of an Agreed Scheduling Order in Connection with the Debtors' Motion to Reject the Hilton Management Agreements*, filed contemporaneously herewith (the "Scheduling Motion").

[3] As of the date hereof, the Debtors have not yet noticed for hearing the relief requested in connection with the rejection of one or more of the Hilton Management Agreements in the form attached hereto as **Exhibit B**. If and when the Debtors elect to notice such relief requested for hearing, they will do so subject to the notice requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

[4] Capitalized terms not otherwise defined in this Preliminary Statement shall have the meanings set forth herein.

2

argument, the time constraints in these chapter 11 cases require that the Debtors now simultaneously proceed with the estimation of Hilton's potential rejection damages claim in the event that Hilton is not estopped from asserting such claims.

2. Given the scope of the encumbrance and the significant amount of the Debtors' cash flows accounted for by the Hilton-Managed Resorts, the Debtors are confident that the value of rejecting the Hilton Management Agreements will outweigh any potential rejection damages claims by Hilton. Nonetheless, the Debtors' fiduciary duties require that they seek to estimate any such claims before consummating the rejection of the Hilton Management Agreements. Upon determination of the damages amount, the Debtors will be best positioned to exercise their business judgment to reject one or more of the Hilton Management Agreements and unlock significant value for the benefit of the Debtors' estates.

## Jurisdiction

3. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

5. The statutory bases for the relief requested herein are sections 105(a), 365, and 502(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## Relief Requested

6. By this Motion, the Debtors seek entry of (a) an order estimating damages resulting from rejection of the Hilton Management Agreements and (b) an order authorizing the Debtors to reject the Hilton Management Agreements.

3

**Background**

7.  On February 1, 2011 (the "Petition Date"), MSR Resort Golf Course LLC and 29 of its affiliates each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A statutory committee of unsecured creditors has been appointed by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee").

8.  The Debtors invest in and own five iconic luxury resort properties and amenities, specifically (a) the Grand Wailea; (b) the La Quinta; (c) the Arizona Biltmore; (d) the Doral Resort & Spa ("Doral") in Miami, Florida; and (e) the Claremont Resort & Spa ("Claremont") in Berkeley, California (collectively, the "Resorts"). The Resorts are managed by third-party managers (the "Resort Managers") and operate as independent resorts. The Debtors' business is managed by Pyramid Resort Asset Management LLC (the "Asset Manager").

9.  The approximately 3,800 Resort employees are provided by the Resort Managers, and most of the Debtors' corporate functions are provided by the Asset Manager. Consequently, the Debtors themselves do not have any employees.

10. As of November 30, 2010, the Debtors' financial statements reflect consolidated assets totaling approximately $2.2 billion and consolidated liabilities totaling approximately $1.9 billion. Consolidated revenues for the three months ending December 31, 2010, were approximately $121 million. Consolidated 2010 annual revenues were approximately $421 million. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the *Declaration of Daniel Kamensky of MSR Resort Golf Course LLC (A) in Support of Debtors' Chapter 11*

4

*Petitions and First Day Motions and (B) Pursuant to Local Bankruptcy Rule 1007-2*, filed on the Petition Date [Docket No. 3].

### The Need to Reject the Hilton Management Agreements

11.     As the Court is aware, the Debtor fee owners of the Hilton-Managed Resorts (the "Owner Entities") are each party to an operating lease with the Debtors' operating lessee MSR Resort Lodging Tenant, LLC (the "Tenant Entity").  The Tenant Entity is party to a Hilton Management Agreement for each of the Hilton-Managed Resorts.

12.     Since the Petition Date, the Debtors have become increasingly less comfortable with the performance of the Hilton-Managed Resorts.  The Debtors attempted to engage Hilton in a renegotiation of the Hilton Management Agreements, but these efforts proved unconstructive.  As a result, the Debtors sought to estop Hilton from asserting rejection damages claims against the Owner Entities.  Notwithstanding the Debtors' confidence in their position, the time pressures of these chapter 11 cases require them to begin the simultaneous process to reject the Hilton Management Agreements.

13.     The Debtors believe that an alternative brand or independent manager will provide their estates with a host of benefits, including some combination of the following: (a) reduced management fees; (b) better-aligned incentives; (c) better fit with brands whose group and transient customer base is more appropriate for the Debtors' high-end luxury resorts; (d) greater flexibility in the event of a sale of the Resort; (e) greater owner control over the management of the Resort; and (f) stronger, more focused and creative day-to-day execution to enhance guest experience and improve operating efficiencies.  Given the tremendous market cost of the encumbrance created by the Hilton Management Agreements—*i.e.*, in excess of 10 to 15 percent of the value of the Hilton-Managed Resorts—and the significant amount of the Debtors' cash flows accounted for by the Hilton-Managed Resorts, the potential incremental value of the

rejection is *tremendous*. Although the Debtors are confident that this value would outweigh any potential rejection damages claims by Hilton, the Debtors must estimate any such claims to ensure compliance with their fiduciary duties.

14.     The treatment of the Hilton Management Agreements is essential to the Debtors' reorganization. The Hilton-Managed Resorts account for 90% of the Debtors' net operating income. And resort and brand management is the single-most important driver of the Resorts' performance. As a result, the management of the Hilton-Managed Resorts will have significant implications on the form and structure of the Debtors' exit from chapter 11 and failure to estimate the potential rejection damages claim will unduly delay the administration of the Debtors' estates.[5]

**Basis for Relief**

**A.    Estimating Hilton's Potential Rejection Damages Claim Will Aid in the Administration of the Chapter 11 Cases and Prevent Harm to the Debtors' Estates.**

15.     Bankruptcy courts are often called upon to estimate any contingent or unliquidated claims when the fixing or liquidation of those claims outside of the estimation process would cause undue delay in the administration of the bankruptcy case. *See In re MacDonald*, 128 B.R. at 164-65. Courts find undue delay when the amount of time necessary to fix or liquidate the amount of the claim through normal adjudicatory proceedings would delay the bankruptcy proceedings. *See, e.g.*, *In re Lane,* 68 B.R. 609, 611 (Bankr. D. Haw. 1986) ("What is relevant to the instant case is how long it will take before the [creditor's] claim will be liquidated and determined by the state court."); *In re MacDonald*, 128 B.R. at 168 n.6 (trial

---

[5] Under the *Amended Exclusivity Term Sheet (MSR Resort/GIC RE)*, attached as **Exhibit A** to the *Order Approving the Debtors' Stipulation with GIC RE and Five Mile* [Docket No. 865], the Debtors are required to pay GIC RE in full in cash by September 1, 2012. As more fully described in the Scheduling Motion, the Debtors and Hilton have agreed upon a litigation schedule that will provide the Debtors with the flexibility to devise a business plan and adequately market and consummate a restructuring transaction by this date.

6

would take two weeks and district court could not try the case for two years); *In re Nova Real Estate Investment Trust*, 23 B.R. 62 (Bankr. E.D. Va. 1982) (where no trial was yet scheduled in the non-bankruptcy forum, delay would be "undue").

16.     Where estimation will prevent delay, the "duty of estimation . . . under Section 502(c) is not a permissive one; it is a mandatory obligation of the bankruptcy court." *In re A.H. Robins Co., Inc.*, 788 F.2d 994, 1011–1012 (4th Cir. 1986); *see also In re Cont'l Airlines, Inc.*, 57 B.R. 842, 844 (Bankr. S.D. Tex. 1985) ("[Section 502(c)] creates an affirmative, mandatory duty on a Bankruptcy Court to estimate an unliquidated or contingent claim if fixing or liquidating the claim would unduly delay the reorganization proceeding.").

17.     The Court has broad discretion to estimate claims. *See Seaman Furniture Co.*, 160 B.R. at 42; *In re Thompson McKinnon Secs., Inc.*, 143 B.R. 612, 619 (Bankr. S.D.N.Y. 1992). "Neither the Code nor the Rules prescribe any method for estimating a claim, and it is therefore committed to the reasonable discretion of the court . . . which should employ whatever method is best suited to the circumstances of the case." *In re Adelphia Bus. Solutions, Inc.*, No. 02-11389 (Gerber, J.), Bench Decision regarding ACC Objection to Plan Feasibility, pp. 14-15 (*citing In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996)); *In re Thompson McKinnon Secs., Inc.*, 191 B.R. 976, 979 (Bankr. S.D.N.Y. 1996).

18.     The Debtors' proposed estimation proceeding before rejection of the Hilton Management Agreements is typical for complex executory contract rejection or assumption proceedings. *See, e.g.*, *In re MSR Resort Golf Course*, No. 11-10732 (SHL) (Bankr. S.D.N.Y. Dec. 1, 2011) (granting an order that contemplating the estimation of rejection damages on an expedited basis in advance of the effective date of the rejection); *In Re Dial-A-Mattress*

*Operating Corp.*, No. 09–41966, 2009 WL 1851059 (Bankr. E.D.N.Y. June 24, 2009) (same); *In re Great Atlantic & Pacific Tea Co.*, No. 10-24549 (RDD) (Bankr. S.D.N.Y. Jan. 18, 2011) (rejection order that preserved a fiduciary out for the Debtors); *In re Bally Total Fitness of Greater New York, Inc.*, No. 08-14818 (BRL) (Bankr. S.D.N.Y. Aug. 19, 2009) (allowing the Debtors to undo a contract assumption under a plan if, following an objection, the cure amount was greater than the Debtors initially scheduled); *In re DBSD N. America, Inc.*, No. 09-13061 (REG) (Bankr. S.D.N.Y. July 5, 2011) (same); *In re Uno Rest. Holdings Corp.*, No. 10-10209 (MG) (Bankr. S.D.N.Y. May 7, 2010) (same); *In re Dana Corp.*, No. 06-10354 (BRL) (Bankr. S.D.N.Y. Oct. 23, 2007) (same).

19.   The Debtors respectfully submit that it is necessary to determine the extent of Hilton's potential rejection damages claim to avoid undue delay in the administration of the chapter 11 cases. The Debtors cannot exercise their fiduciary duties with respect to rejection of any of the Hilton Management Agreements until the Court estimates the amount of the Debtors' potential rejection damages claim. Because of the operational significance of the Hilton Management Agreements, they will significantly inform the Debtors' business plan and the form and structure of the Debtors' exit from chapter 11. As a result, the Debtors submit that the Court may estimate Hilton's potential rejection damages claim pursuant to section 502(c) of the Bankruptcy Code.

A.   **Rejection of One or More of the Hilton Management Agreements on a Prospective Basis Will Benefit the Estate and Is Warranted by the Circumstances.**

20.   Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v.*

8

*Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

21. The Debtors' rejection of an executory contract pursuant to section 365 of the Bankruptcy Code is governed by the "business judgment" standard. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-99 (2d Cir. 1993); *In re Enron Corp.*, No. 01-16034, 2006 WL 898033, at *4 (Bankr. S.D.N.Y. Mar. 24, 2006) ("In determining whether to approve a [debtor's] decision to reject such lease or contract, a court applies the 'business judgment' test which is met if the rejection is beneficial to the estate."); *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Klein Sleep Prods., Inc.*, 78 F.3d 18, 25 (2d Cir. 1996) (same). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of bad faith, whim, or caprice. *See Westbury Real Estate Ventures v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997).

22. Rejection of an executory contract is appropriate where such rejection would benefit the estate. *See Orion Pictures Corp.*, 4 F.3d at 1098-99; *In re Stable Mews Assocs., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984). A court should approve a debtor's request to reject an executory contract under section 365(a) of the Bankruptcy Code unless such rejection is clearly not in the best interests of the debtor's creditors and other stakeholders. *See Orion Pictures Corp.*, 4 F.3d at 1098-99 (noting that a motion to assume or reject executory contracts pursuant to section 365 of the Bankruptcy Code "should be considered a summary proceeding"); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent

9

extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course").

23. Courts have authorized the *prospective* rejection of contracts or leases when circumstances warranted. *In re Journal Register Co.*, No. 09-10769 (ALG) (Bankr. S.D.N.Y. March 27, 2009) [Docket No. 137] (order authorizing the prospective rejection of various contracts and leases in accordance with rejection procedures); *In re Bally Total Fitness of Greater New York, Inc.*, No. 08-14818 (BRL) (Bankr. S.D.N.Y. Dec. 22, 2008) [Docket No. 170] (order authorizing the prospective rejection of various leases); *In re Global Crossing Ltd.*, No. 02-40188 (REG) (Bankr. S.D.N.Y. March 24, 2003) [Docket No. 2930] (order authorizing the rejection of a contract, effective as of the date the bankruptcy court entered a judgment in the debtors' adversary proceeding); *In re WorldCom, Inc.*, No. 02-13533 (AJG) (Bankr. S.D.N.Y. Dec. 17, 2002) [Docket No. 2377] (order authorizing the prospective rejection of various contracts).

24. The Debtors submit that rejection of one or more of the Hilton Management Agreements is an appropriate and sound exercise of their business judgment. Simply put, the Hilton Management Agreements are a significant encumbrance on the Hilton-Managed Resorts and a replacement brand or independent manager would bring a meaningful array of benefits to the Debtors' estates. Alternatively, the Debtors would have the opportunity to market the Hilton-Managed Resorts as part of a comprehensive restructuring transaction free of the encumbrance created by the Hilton Management Agreements. Given the tremendous burden of the encumbrance, the significant amount of the Debtors' cash flows accounted for by the Hilton-Managed Resorts, and the benefits of a replacement brand or independent manager,

rejection of one or more of the Hilton Management Agreements is a sound exercise of the Debtors' business judgment.

### Motion Practice

25. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

### Notice

26. The Debtors have provided notice of this Motion to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at www.kccllc.net/msresort) and (b) any person or entity with a particularized interest in the subject matter of the Motion. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

27. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Dated:  April 24, 2012<br>New York, New York | */s/ Paul M. Basta*<br>James H.M. Sprayregen, P.C.<br>Paul M. Basta<br>Edward O. Sassower<br>Chad J. Husnick<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:       (212) 446-4900<br><br>*Counsel to the Debtors and Debtors in Possession* |

# EXHIBIT A

**Proposed Estimation Order**

K&E 21881630

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) )   Chapter 11 ) |
| MSR RESORT GOLF COURSE LLC, *et al.*,[1] | )   Case No. 11-10372 (SHL) ) |
| Debtors. | )   Jointly Administered ) |

**ORDER ESTIMATING DAMAGES RESULTING FROM
REJECTION OF THE HILTON MANAGEMENT AGREEMENTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to reject the Hilton Management Agreements and estimating damages resulting from rejection of the Hilton Management Agreements (this "Order"), all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: MSR Resort Golf Course LLC (7388); MSR Biltmore Resort, LP (5736); MSR Claremont Resort, LP (5787); MSR Desert Resort, LP (5850); MSR Grand Wailea Resort, LP (5708); MSR Resort Ancillary Tenant, LLC (9698); MSR Resort Biltmore Real Estate, Inc. (8464); MSR Resort Desert Real Estate, Inc. (9265); MSR Resort Hotel, LP (5558); MSR Resort Intermediate Mezz GP, LLC (3864); MSR Resort Intermediate Mezz LLC (7342); MSR Resort Intermediate Mezz, LP (3865); MSR Resort Intermediate MREP, LLC (9703); MSR Resort Lodging Tenant, LLC (9699); MSR Resort REP, LLC (9708); MSR Resort Senior Mezz GP, LLC (9969); MSR Resort Senior Mezz LLC (7348); MSR Resort Senior Mezz, LP (9971); MSR Resort Senior MREP, LLC (9707); MSR Resort Silver Properties, LP (5674); MSR Resort SPE GP II LLC (5611); MSR Resort SPE GP LLC (7349); MSR Resort Sub Intermediate Mezz GP, LLC (1186); MSR Resort Sub Intermediate Mezz LLC (7341); MSR Resort Sub Intermediate Mezz, LP (1187); MSR Resort Sub Intermediate MREP, LLC (9701); MSR Resort Sub Senior Mezz GP, LLC (9966); MSR Resort Sub Senior Mezz LLC (7347); MSR Resort Sub Senior Mezz, LP (9968); and MSR Resort Sub Senior MREP, LLC (9705). The location of the debtors' service address is: c/o CNL-AB LLC, 1251 Avenue of the Americas, New York, New York 10020.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

K&E 21881630

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

3. Upon the effective date of rejection of the following Hilton Management Agreements, Hilton shall receive an allowed general unsecured claim jointly against:

    a. _____ for $_____ for damages arising from the rejection of the Hilton Management Agreement for the Arizona Biltmore.

    b. _____ for $_____ for damages arising from the rejection of the Hilton Management Agreement for the La Quinta.

    c. _____ for $_____ for damages arising from the rejection of the Hilton Management Agreement for the Grand Wailea.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:
New York, New York

                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**Proposed Rejection Order**

K&E 21881630

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MSR RESORT GOLF COURSE LLC, *et al.*,[1] | ) ) ) | Case No. 11-10372 (SHL) |
| Debtors. | ) ) | Jointly Administered |

**ORDER AUTHORIZING REJECTION OF**
**THE HILTON MANAGEMENT AGREEMENTS**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order authorizing the Debtors to reject the Hilton Management Agreements and estimating damages resulting from rejection of the Hilton Management Agreements (this "<u>Order</u>"), all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: MSR Resort Golf Course LLC (7388); MSR Biltmore Resort, LP (5736); MSR Claremont Resort, LP (5787); MSR Desert Resort, LP (5850); MSR Grand Wailea Resort, LP (5708); MSR Resort Ancillary Tenant, LLC (9698); MSR Resort Biltmore Real Estate, Inc. (8464); MSR Resort Desert Real Estate, Inc. (9265); MSR Resort Hotel, LP (5558); MSR Resort Intermediate Mezz GP, LLC (3864); MSR Resort Intermediate Mezz LLC (7342); MSR Resort Intermediate Mezz, LP (3865); MSR Resort Intermediate MREP, LLC (9703); MSR Resort Lodging Tenant, LLC (9699); MSR Resort REP, LLC (9708); MSR Resort Senior Mezz GP, LLC (9969); MSR Resort Senior Mezz LLC (7348); MSR Resort Senior Mezz, LP (9971); MSR Resort Senior MREP, LLC (9707); MSR Resort Silver Properties, LP (5674); MSR Resort SPE GP II LLC (5611); MSR Resort SPE GP LLC (7349); MSR Resort Sub Intermediate Mezz GP, LLC (1186); MSR Resort Sub Intermediate Mezz LLC (7341); MSR Resort Sub Intermediate Mezz, LP (1187); MSR Resort Sub Intermediate MREP, LLC (9701); MSR Resort Sub Senior Mezz GP, LLC (9966); MSR Resort Sub Senior Mezz LLC (7347); MSR Resort Sub Senior Mezz, LP (9968); and MSR Resort Sub Senior MREP, LLC (9705). The location of the debtors' service address is: c/o CNL-AB LLC, 1251 Avenue of the Americas, New York, New York 10020.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, pursuant to section 365 of the Bankruptcy Code, to reject the Hilton Management Agreement(s) for the _____ effective as of the date upon which the Debtors provide Hilton with written notice of rejection of the Hilton Management Agreement(s) (which notice shall also be filed with the Court).

3. The Debtors' rejection of the Hilton Management Agreement(s) for the _____ pursuant to section 365(a) of the Bankruptcy Code is an exercise of the Debtors' sound business judgment and is in the best interest of the Debtors' estates and creditors.

4. Hilton's total claim for damages for the Debtors' rejection of the Hilton Management Agreement(s) for the _____ is a general unsecured claim jointly against _____ of $_____ and is allowed.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:
New York, New York

> THE HONORABLE SEAN H. LANE
> UNITED STATES BANKRUPTCY JUDGE

K&E 21881630