LAW OFFICES
# KLESTADT & WINTERS, LLP
570 SEVENTH AVENUE
17TH FLOOR
NEW YORK, NY 10018-1624

TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245

TRACY L. KLESTADT (NY & NJ BARS)
IAN R. WINTERS
JOHN E. JURELLER, JR. (NY & NJ BARS)
SEAN C. SOUTHARD
FRED N. STEVENS (NY & MA BARS)
PATRICK J. ORR (NY, NJ & PA BARS)
JOSEPH C. CORNEAU (NY & MA BARS)
BRENDAN M. SCOTT (NY, NJ & PA BARS)

THOMAS M. SZANIAWSKI
MAEGHAN J. MCLOUGHLIN
LAUREN C. KISS (NY & NJ BARS)

OF COUNSEL
JON YARD ARNASON
STACY E. BUSH (NY & NJ BARS)

NEW JERSEY OFFICE
15 WARREN STREET
HACKENSACK, NJ 07601
(201) 833-5151

September 12, 2012

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

          Re:    In re MSR Resort Golf Course, LLC, et al.
                    Chapter 11 Case No. 11-10372(SHL)

Dear Judge Lane:

      This firm represents The Conlon Group Arizona, LLC ("Conlon")[1] in the above-referenced Chapter 11 Cases of MSR Resort Golf Course, LLC, *et al.* (the "Debtors"), including MSR Biltmore Hotel, LP ("MSR Biltmore"). We write with respect to the Motion of MSR Resort Golf Course LLC, *et al.*, for the Entry of an Order Authorizing

---

[1] This firm also represents the Arizona Biltmore Hotel Condominiums Villas Association, Inc. (the "Association") The principal of Conlon, Mr. Mark Finney, is also the President of the Association. The Association filed an objection to the Motion of MSR Resort Golf Course, LLC, *et al.*, for Entry of an Order Approving Settlement Agreement with Salt River Project Agricultural Power District, United States of America, and Arizona Biltmore Master Association (the "SRP 9019 Motion") [Docket No. 1113], which is scheduled to be heard on September 24, 2012. The Association and Conlon are parties to an agreement pursuant to which Conlon agreed to fund legal expenses related to the Rental Pool (as described in the Motion to Assume) in these Chapter 11 Cases in exchange for rights to the Northeast Parking Lot (as defined in the SRP Motion) that is the subject of the SRP 9019 Motion. The Debtors are aware of and have been provided a copy of said agreement.

Assumption of the Arizona Biltmore Rental Pool Agreements and Related Settlement Agreement (the "Motion to Assume") [Docket No. 1114].

In accordance with Local Bankruptcy Rule 7007-1(b), we request an informal conference to seek the Court's guidance or a determination of an appropriate discovery schedule with respect to the Motion to Assume.

By way of background, on April 2, 2012, the Debtors filed the Motion to Assume. On June 13, 2012, Conlon filed its Limited Objection of The Conlon Group Arizona, LLC to Motion of MSR Golf Course, LLC, *et al.*, for the Entry of an Order Authorizing Assumption of the Arizona Biltmore Rental Pool Agreements and Related Settlement Agreement (the "Limited Objection") [Docket No. 1227]. In support of the Limited Objection, Conlon submitted the Declaration of Daniel Martin in Support of Limited Objection of The Conlon Group Arizona, LLC to the Motion of MSR Golf Course, LLC, *et al.*, for the Entry of an Order Authorizing Assumption of the Arizona Biltmore Rental Pool Agreements and Related Settlement Agreement (the "Martin Declaration"). The Martin Declaration contains work product derived from and materials supplied by the Debtors pursuant to a confidentiality agreement, and accordingly, Conlon filed a Motion for an Order Authorizing The Conlon Group Arizona, LLC to File Under Seal the Declaration of Daniel Martin in Support of Limited Objection of The Conlon Group Arizona, LLC to the Motion of MSR Golf Course, LLC *et al.*, for the Entry of an Order Authorizing Assumption of the Arizona Biltmore Rental Pool Agreements and Related Settlement Agreement (the "Motion to Seal") [Docket No. 1228]. The Motion to Seal is pending. The Martin Declaration has been served upon the Debtors.

The Debtors have not, as of the date hereof, filed a reply or other responsive pleading to the Limited Objection.

The Motion to Assume is currently scheduled for hearing on September 24, 2012.

On or about July 17, 2012, the Debtors proposed a discovery schedule on the Motion to Assume that would require completion of fact discovery within twenty three (23) days and completion of expert discovery in thirty-seven (37) days, concurrent with fact discovery.

Conlon informed the Debtors that this highly expedited proposed schedule was unacceptable to Conlon, particularly in light of the fact that Conlon was without the benefit of knowing the Debtors' position because the Debtors had not filed a reply to the Limited Objection. Conlon suggested that the Debtors file a reply to the Limited Objection, which would enable Conlon to formulate its discovery requests in an informed and rational way. The Debtors declined this suggestion, and there was no further communication regarding a discovery schedule until August 30, 2012, as described below.

On August 14, 2012, the Debtors served this firm, as counsel for Conlon, by electronic mail with the Debtors' First Request for the Production of Documents to

- 3 -

Conlon Group Arizona, LLC (the "RFPs") and the Debtors' First Set of Interrogatories to Conlon Group Arizona, LLC (the "Interrogatories," and together with the RFPs, the "Debtors' Discovery Requests"). The Debtors' Discovery Requests set a deadline to respond of September 13, 2012.

On August 30, 2012, still without the benefit of the Debtors' reply to the Limited Objection, Conlon served the Debtors with The Conlon Group Arizona, LLC's First Set of (1) Requests for Admissions, (2) Interrogatories, and (3) Demand for Production of Documents (the "Conlon Discovery Requests"). In the email transmission of the Conlon Discovery Requests, Conlon requested that the Debtors provide a time to meet and confer regarding the discovery related to the Motion to Assume. Later that day, the Debtors responded to Conlon's request for a time to meet and confer the following week, *i.e.*, the week of September 3, 2012. On September 4, 2012, the Debtors requested that Conlon respond to the Debtors' proposed discovery schedule provided on July 17, 2012, but did not respond to Conlon's request for a date to meet and confer. On September 5, 2012, Conlon provided its response the Debtors' July 17, 2012 proposed discovery schedule, which Conlon believes to be a reasonable and ordinary discovery schedule for a contested matter. On September 7, 2012, Conlon requested that the Debtors provide feedback to Conlon's proposed discovery schedule and again requested a date and time to meet and confer. Later on September 7, 2012, the Debtors responded that they would contact us the following Monday, September 10, 2012. As of the date hereof, Conlon has not received any such contact.

Conlon cannot agree to the type of schedule proposed by the Debtors, and should not be forced into it, particularly in light of the fact that Conlon approached the Debtors regarding the timing of the assumption of the Rental Pool Agreements as early as February, 2012. Only after Conlon filed its Motion of The Conlon Group Arizona, LLC for an Order Pursuant to 11 U.S.C. § 365(d)(2) Fixing a Deadline to Assume or Reject Certain Rental Pool Agreements (the "Motion to Fix Time") [Docket No. 1101] on March 26, 2012 did the Debtors file the Motion to Assume. Since the Motion to Assume was filed, the Debtors have adjourned the same multiple times (with no opposition from Conlon), presumably because the Debtors had no clear or viable exit plan. Similarly, the Motion to Fix Time has been adjourned multiple times.

As the Court is likely aware, on August 17, 2012, the Debtors filed their Motion of MSR Resort Golf Course LLC, et al., for the Entry of an Order (A) Approving and Authorizing the Debtors to Enter Into and Perform Under the Stalking Horse Commitment Letter, (B) Approving Bidding Procedures, (C) Approving Bid Protections, (D) Scheduling Bid Deadlines and an Auction, and (E) Approving the Form and Manner of Notice Thereof (the "Bidding Procedures Motion"). Pursuant to the Bidding Procedures Motion, 450 Lex Private Limited and C Hotel Mezz Private Limited, together with their affiliates (collectively "GIC RE") is to serve as a "stalking horse" bidder. The Bidding Procedures Motion proposed a bid deadline of October 23, 2012, and if any Qualified Bids (as defined in the Bidding Procedures Motion) are received, an auction (the "Auction") on October 25, 2012. A hearing was held on the Bidding Procedures Motion on September 10, 2012. It is Conlon's understanding that the dates proposed in

- 4 -

the Bidding Procedures Motion will be modified pursuant to a revised proposed order that the Debtors will submit to the Court for consideration. Based upon this schedule, the Debtors presumably require the Motion to Assume to be resolved before the Auction, which in turn likely drives the expedited discovery schedule that the Debtors wish to proceed with.

The expedited nature of the Debtors' proposed discovery schedule and the schedule proposed by the Bidding Procedures Motion are purely a matter of the Debtors' own making. Conlon should not be required to engage in extensive discovery in an expedited manner due to the Debtors' failure to address the assumption of the Rental Pool Agreements in a timely manner. Nor should its rights be prejudiced by having to go through a rushed discovery process that cannot possibly be as thorough as it should be because the Debtors chose to wait as long as the did to proceed with the Motion to Assume. In short, Conlon believes that a reasonable discovery schedule similar to any other contested matter should be set.

Conlon therefore requests that the Court schedule a discovery conference at its earliest opportunity to give the parties guidance and/or direction on how to proceed. We are available to participate in such a conference in person or by telephone at the Court's convenience. Alternatively, Conlon requests that the Court treat the hearing currently scheduled on September 25, 2012 on the Motion to Assume as a scheduling conference.

Thank you for your courtesies.

Very truly yours,

*/s/ Tracy L. Klestadt*

Tracy L. Klestadt


cc:    Paul M. Basta, Esq. (via email to paul.basta@kirkland.com)
       Chad Husnick, Esq. (via email to chad.husnick@kirkland.com)
       Hunter Murdock, Esq. (via email to hunter.murdock@kirkland.com)