# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

Writer's Direct Dial: +1-212-225-2629
E-Mail: lschweitzer@cgsh.com

LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N SILVERMAN
ROBERT L TORTORIELLO
A RICHARD SUSKO
LEE C BUCHHEIT
JAMES M PEASLEE
ALAN L BELLER
THOMAS J MOLONEY
JONATHAN I BLACKMAN
WILLIAM F GORIN
MICHAEL L RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S LINCER
JAIME A EL KOURY
STEVEN G HOROWITZ
JAMES A DUNCAN
STEVEN M LOEB
DONALD A STERN
CRAIG B BROD
SHELDON H ALSTER
WANDA J OLSON
MITCHELL A LOWENTHAL
EDWARD J ROSEN
JOHN PALENBERG
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
JANET L FISHER
DAVID L SUGERMAN
HOWARD S ZELBO
DAVID E BRODSKY
MICHAEL R LAZERWITZ
ARTHUR H KOHN
RICHARD J COOPER
JEFFREY S LEWIS

FILIP MOERMAN
PAUL J SHIM
STEVEN L WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A CORRALES
JAMES L BROMLEY
MICHAEL A GERSTENZANG
LEWIS J LIMAN
LEV L DASSIN
NEIL Q WHORISKEY
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
JEFFREY A ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI JR
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
LEONARD C JACOBY
SANDRA L FLOW
FRANCISCO L CESTERO
FRANCESCA L ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S PEPONIS
LISA M SCHWEITZER
KRISTOFER W HESS
JUAN G GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S PEACE
MEREDITH E KOTLER
CHANTAL E KORDULA
BENET J O REILLY

DAVID AMAN
ADAM E FLEISHER
SEAN A O'NEAL
GLENN P MCGRORY
JOON H KIM
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU
ROGER A COOPER
AMY R SHAPIRO
JENNIFER KENNEDY PARK
RESIDENT PARTNERS


SANDRA M ROCKS
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
JONATHAN S KOLODNER
HUGH C CONROY, JR
KATHLEEN M EMBERGER
WALLACE L LARSON JR
JAMES D SMALL
AVRAM E LUFT
ELIZABETH LENAS
DANIEL ILAN
ANDREW WEAVER
HELENA K GRANNIS
GRANT M BINDER
MEYER H FEDIDA
RESIDENT COUNSEL

December 28, 2012

VIA FEDERAL EXPRESS AND E.C.F. FILING

Honorable Sean H. Lane, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re: In re MSR Resort Golf Course LLC, et al., Case No. 11-10372 (SHL) (Jointly Administered)

Dear Judge Lane:

      I am writing on behalf of KSL Capital Partners, LLC ("KSL Capital") in response to the December 21, 2012 letter to the Court, and the proposed order attached thereto, submitted by counsel for Five Mile Capital Partners ("Five Mile").[1]

      On December 17, 2012, Five Mile purported to serve a non-party subpoena for documents and deposition testimony on KSL, a true and correct copy of which is attached as Exhibit 1 hereto (the "December Subpoena"). The December Subpoena sought by December 27, 2012 the production of twenty categories of documents dating back in time to January 1, 2006. By letter to Five Mile's counsel dated December 19, 2012, KSL Capital objected to the December Subpoena, as being facially and wholly improper.

      The December Subpoena is the latest of Five Mile's repeated and redundant discovery requests against KSL Capital, following Five Mile's previous non-party subpoena directed to

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to such terms in Five Mile's December 21, 2012 letter to the Court and proposed order attached thereto.

Honorable Sean. H. Lane, U.S.B.J.
December 28, 2012
p. 2

KSL Capital dated August 27, 2012 (the "August Subpoena") and supplemental discovery requests to KSL Capital dated September 14, 2012, (the "September Discovery Request").

Five Mile's latest discovery requests, as set forth in the December Subpoena, are vexatious and harassing in light of discovery that Five Mile already had obtained from KSL Capital. KSL Capital responded to the requests contained in the August Subpoena and the September Discovery Requests, subject to and without waiving KSL Capital's objections dated August 29, August 31, and September 21, 2012, by (1) diligently searching and reviewing documents and communications to produce responsive documents to Five Mile on September 4, 2012 continuing through September 7, 2012, and again on October 5, 2012, (2) producing a privilege log on October 5, 2012, and (3) making a witness available for deposition on September 7, 2012 and then again on October 11, 2012.

The December Subpoena is facially and wholly improper because it seeks information relating to issues that have already been the subject of extensive and repeated discovery requests by Five Mile before being fully litigated before the Court. The Bidding Procedures Order contemplated that discovery related to the good faith of GIC as a purchaser would be limited to actions taken prior to September 10, 2012. In addition, the December Subpoena improperly seeks discovery relating to the letter agreement between KSL and GIC dated November 5, 2012, which clarified and amended that certain letter agreement between NA RE and KSL, dated May 14, 2010, and which was entered into in response to and as expressly contemplated by the Court's bench ruling on October 25, 2012. Before Five Mile served the December Subpoena, the Court had already admonished Five Mile not to re-litigate or revisit discovery related to these issues. Five Mile nonetheless violated the Court's admonition.

In addition, the December Subpoena propounded requests for documents and testimony that could and should be obtained, if at all, from the Debtors, GIC or Midland. Neither KSL Capital nor its affiliates is party to GIC's stalking horse commitment letter, or a proponent of the Debtors' Second Amended Joint Plan in the above-captioned matter. Even if Five Mile's latest discovery requests were proper (which they are not for the reasons articulated by the Court at the December 20, 2012 telephonic conference regarding Five Mile's December 2012 discovery requests to GIC), the discovery sought from KSL Capital is redundant of discovery sought from the Debtors, Midland Loan Services, Inc., and GIC, and is more appropriately addressed to such parties.

Furthermore, Five Mile's proposed order (attached to its December 21, 2012 letter to the Court) recites facts regarding KSL Capital that are not true. Contrary to the recitals in Five Mile's proposed order, Five Mile's counsel did not: contact KSL Capital about its objections to the December Subpoena prior to its request for a conference with the Court, or provide notice to KSL Capital that the telephonic conference with the Court on December 20 had been requested or scheduled. By email dated December 21, 2012, the undersigned brought these misstatements in the proposed order to the attention of counsel for Five Mile.

In light of the frivolous and vexatious discovery requests made by Five Mile against KSL Capital and the needless expense caused by Five Mile's submission of a factually inaccurate proposed order, KSL Capital submits that if the Court is inclined to grant GIC's request for

Honorable Sean. H. Lane, U.S.B.J.
December 28, 2012
p. 3

sanctions against Five Mile and its counsel for reimbursement of costs incurred by GIC and the Debtors' estates, the Court should grant similar relief to KSL Capital as well (for costs from and after December 19, 2012, incurred as a result of Five Mile's discovery requests against KSL Capital).

Respectfully,

*Lisa Schweitzer*

Lisa Schweitzer